[Civ. No. 434.   Second Appellate District.—January 31, 1908.]

# J. D. NASH, Trustee, Appellant, v. J. A. ROSESTEEL, Respondent.

CORPORATIONS—SALE OF STOCK BY PRESIDENT—ACTION FOR FRAUD—
MISREPRESENTATION AS TO DIVIDEND—SUPPORT OF FINDINGS.—In an
action to recover damages for alleged fraud by the president of
a corporation in selling his stock to the plaintiff, by misrepresent-
ing a dividend of six per cent upon its stock during the previous
six months, where the court found that such representation was true,.
and found upon all of the issues in favor of the defendant, upon
evidence sufficient to support the findings, notwithstanding a con-
flict therein, an order denying a new trial moved for on account
of the insufficiency of the evidence to sustain the findings must.
be affirmed, especially where appellant does not point out wherein
any specific finding is not supported.

ID.—DIVIDEND PAID OUT OF CAPITAL—WANT OF CONNECTION WITH SALE.
OF STOCK.—Conceding that the dividend was in fact declared out
of capital, and not out of surplus profits, it was not a matter
which at the time concerned the appellant, where there is no pre-
tense that it was declared for the purpose of effecting a sale of
stock from the respondent to the appellant.

ID.—GOOD FAITH OF DIRECTORS—DECLARING AND PAYING DIVIDEND.—
*Held*, that the evidence clearly establishes that the board of di-
rectors, including the defendant, declared and paid the dividend,
in good faith, in the honest belief that they had, during the previ-
ous six months, made a sufficient profit out of which to pay it,.
based upon an inventory and balance sheet furnished by trusted
employees, whose duty it was .to prepare the same, though by mis-
take it showed an erroneous condition of the business, which was
undiscovered until nearly six months thereafter.

ID.—KNOWLEDGE OF MISTAKE NOT IMPUTABLE—RIGHT TO RELY UPON
SUBORDINATES.—Knowledge of the mistake in the inventory and
balance sheet was not imputable to the directors of the corpora-
tion;  but they were justified in relying upon subordinate em-
ployees for data upon which to base their action in declaring a
dividend, in the absence of anything to show gross negligence in
acting upon their reports.

ID.—NONRELIANCE OF PLAINTIFF UPON INVENTORY AND BALANCE SHEET.
Plaintiff, having never seen the inventory and balance sheet, and
never having been informed of their contents, could not have
relied thereupon, or have been deceived or misled by any mistake
or error therein.

ID.—INSUFFICIENCY OF COMPLAINT—OBJECTION TO EVIDENCE.—Where
the complaint failed to allege that the defendant did not believe
the alleged misrepresentations made by him to be true, it failed
to aver actual fraud as defined in section 1572 of the Civil Code;
and where defendant upon the trial objected to the reception of
evidence on the ground that there was no actionable issue, the ob-
jection should have been sustained, and the order denying a new
trial should be sustained on the further ground that the complaint
was insufficient to sustain any evidence for the appellant.

APPEAL from an order of the Superior Court of Los.
Angeles County denying a new trial.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

B. W. Hahn, and Hahn & Hahn, for Appellant.

Appellant had the right to believe that the represented
dividend was paid out of surplus profits, as the directors are
forbidden to declare it out of capital.   (Civ. Code, sec.
309; Clark on Corporations, 342; *People* v. *San Francisco
Savings Union,* 72 Cal. 199, 13 Pac. 498.)   Appellant had
the right to assume that the official duty of the directors had
been done according to law, and that the dividend had been
declared out of surplus profits.   (Code Civ. Proc., sec. 1963,.
subds. 15-33.)   The president is supposed to know the condi-
tion of the business he is in charge of, and a person buying
the stock of a corporation is entitled to rely upon the as-
surances of an officer of the corporation as to its financial
condition.   (2 Thompson on Corporations, secs. 1372, 1373.)
Eight thousand five hundred and seventy-eight dollars on
worthless accounts were included in the inventory.   The fran-
chise account of $8,000 should not have been carried as an
asset.   It had no value whatever.   (*Bank of California* v.
*San Francisco,* 142 Cal. 287, 100 Am. St. Rep. 130, 75 Pac.
832.)   Assets are only such as constitute a fund for the pay-
ment of debts.   (Bouvier's Law Dictionary, "Assets";
Kinney's Law Dictionary, "Assets.")   Defendant is es-
topped from denying knowledge of the fraud in the padding
of the inventory on the strength of his representation as to
the condition of the corporation.   (Code Civ. Proc., sec.
1962, subd. 3.)   Plaintiff lost $12,230.54 as the result of the
fraud of defendant.   Defendant's representations were of posi-

tive statements, and not merely expressions of opinion. (*Nisson* v. *Hood,* 140 Cal. 224, 73 Pac. 981; *Alvarez* v. *Brannan,* 7 Cal. 504, 68 Am. Dec. 274.) Plaintiff was guilty of no laches, and was entitled to rely on defendant's representation. (*Bank of Woodland* v. *Hiatt,* 58 Cal. 234.) The complaint states facts sufficient to constitute a cause of action, and any uncertainty therein should be resolved against the defendant.

Russ Avery, and Anderson & Anderson, for Respondent.

It must be shown that defendant did not believe his representations to be true, and the plaintiff had the burden of proving representation, falsity, scienter, deception and injury. (*Kountze* v. *Kennedy,* 72 Hun (N. Y.), 311, 25 N. Y. Supp. 682, 147 N. Y. 124, 49 Am. St. Rep. 651, 41 N. E. 414; *Brackett* v. *Griswold,* 112 N. Y. 467, 20 N. E. 376; *Cowley* v. *Smith,* 46 N. J. L. 380, 50 Am. Rep. 432; *Wakeman* v. *Dalley,* 51 N. Y. 27, 10 Am. Rep. 551.) The directors were entitled to rely upon data furnished by their subordinates and to believe that they had discharged their duty correctly. (*Scott* v. *De Peyster,* 1 Edw. Ch. 513; *Wakeman* v. *Dalley,* 51 N. Y. 27, 10 Am. Rep. 551; *Cowley* v. *Smith,* 46 N. J. L. 380, 50 Am. Rep. 432.) If a corporation pays dividends out of capital stock, the acts of the directors are not void, but the only liability incurred by them is to the corporation and its creditors. The plaintiff cannot complain. (*Baldwin* v. *Miller & Lux,* 152 Cal. 454, 92 Pac. 1030.) Directors can only be charged for gross negligence, amounting to palpable fraud, and if they mistakenly declare dividends when there are no earnings, without such gross negligence, they cannot be charged with liability. (*Lexington & Ohio R. R. Co.* v. *Bridges,* 7 B. Mon. (Ky.) 557, 558, 47 Am. Dec. 526; *Witters* v. *Sowles,* 31 Fed. 3; *Hedges* v. *Paquett,* 3 Or. 80; *Spering's Appeal,* 71 Pa. St. 20-25, 10 Am. Rep. 684; *Neall* v. *Hill,* 16 Cal. 145, 150, 151, 76 Am. Dec. 508.) The complaint was insufficient to show actionable fraud, and the respondent having objected to evidence on the ground that there were no actionable issues, on this ground there should be an affirmance. (*South San Bernardino Co.* v. *San Bernardino Nat. Bank,* 127 Cal. 247, 59 Pac. 699; *Bates* v. *Babcock,* 95 Cal. 482, 29 Am. St. Rep. 133, 30 Pac. 605.) The element that plaintiff knew the falsity of his statements, or

had no reasonable ground to believe that to be true, is essential to a cause of action for deceit.  (*Kountze* v. *Kennedy,* 147 N. Y. 124, 49 Am. St. Rep. 651, 41 N. E. 414, 25 N. Y. Supp. 682, 72 Hun, 311; *Heller* v. *Dyerville Mfg. Co.,* 116 Cal. 132, 133, 47 Pac. 1016; 15 Am. & Eng. Ency. of Law, 86-88; *Hoffman* v. *Kirby,* 136 Cal. 26.)

SHAW, J.—The plaintiff seeks to recover damages resulting from alleged false and fraudulent representations made by defendant to the plaintiff, whereby the latter was induced to buy certain corporate stock.  At the time of the transaction complained of the United Wholesale Grocery Company was a corporation engaged in the wholesale grocery business, having an outstanding capital of $116,000, divided into eleven hundred and sixty shares of the par value of $100 each. Defendant owned three hundred shares of this stock and held the position of president of the company.  Negotiations were entered into by the parties which, on May 1, 1902, resulted in a sale of the three hundred shares of stock to the plaintiff for the sum of $31,200.

Upon all material issues the court found in favor of the defendant and rendered judgment in accordance therewith. The appeal is from an order denying plaintiff's motion for a new trial, the sole ground urged therefor being that the findings are not supported by the evidence.

The evidence is conflicting, and appellant does not point out wherein any specific finding is not supported.

The court finds that defendant represented to plaintiff that a dividend of six per cent had been declared and paid by the company to its stockholders covering the period extending from July 1, 1901, to January 1, 1902, which representation it further finds to be true.  According to the testimony of appellant, this representation constituted the sole inducement for making the purchase.  After testifying that he did not see the books of the company, or inventory of its goods, prior to making the purchase, he was asked:

"Q. How did you come to purchase the stock?  A. Upon representations of Mr. Rosesteel—the same as anyone would make a purchase of anything upon the representation of somebody else that he thought it was a desirable purchase.

"Q. (By the Court.) Well, what made you think it was. a desirable purchase? A. Because of the fact that they were paying six per cent semi-annual dividends.

"Q. (By Mr. Hahn.) And upon any other representation other than the fact that it was paying six per cent dividends, or did you rely upon that one statement alone that it was paying six per cent dividends? A. I think that was. the main part, and that they were doing a good business,. which they must have been doing to pay that dividend.''

He does not attack this finding, but contends that, while the uncontradicted evidence shows that the dividend was. paid, there was, at the time of declaring it, no surplus profits out of which to pay it, and that the statement was equivalent to a representation that the company had made a profit during the said period equal to the amount of the dividend. Conceding there was no surplus at the time of declaring and paying this dividend, and that it was paid out of the capital of the company, it was not a matter which, at such time,. concerned appellant. (Civ. Code, sec. 309; *Baldwin* v. *Miller & Lux et al.,* 152 Cal. 454, [92 Pac. 1030].) It is not contended that it was declared for the purpose of effecting a sale of this stock to appellant. The evidence conclusively shows that the board of directors, including the defendant as a member thereof, declared and paid this dividend in an honest belief that they had, during the preceding six months, made a sufficient profit out of which to pay it. Their action in so doing was based upon an inventory and balance sheet furnished by those intrusted with the preparation of the same. Conceding that the books of the company and this inventory exhibited an erroneous condition of the business, it is not, and, indeed, under the evidence, could not be claimed that either the defendant or other member of the board with whom he acted had any knowledge thereof until nearly six months thereafter.

Defendant's good faith in the transaction is not attacked; neither actual knowledge of the alleged erroneous inventory nor an intent to deceive is claimed, but appellant contends that both knowledge and intent must be imputed to him because of the fact that he was a director and as president exercised a general supervision over the affairs of the company. We cannot assent to this contention. On the contrary, de-

fendant as president and his codirectors were justified in relying upon subordinates and employees for data upon which to base their corporate action in declaring the dividend, and were justified, in the absence of anything constituting gross negligence, in accepting and acting upon their reports, which fully warranted defendant in making the representation. (*Scott* v. *De Peyster,* 1 Edw. Ch. 513; *Cowley* v. *Smith,* 46 N. J. L. 380, [50 Am. Rep. 432]; *Kountze* v. *Kennedy,* 72 Hun, 311, [25 N. Y. Supp. 682], 147 N. Y. 124, [49 Am. St. Rep. 651, 41 N. E. 414].)

Counsel insists that this inventory, which purported to show the merchandise on hand December 31, 1901, had been "padded" by including therein goods to the value of several thousand dollars in excess of that actually in stock. Plaintiff, however, had never seen the inventory, nor was he informed of what it purported to contain. Hence, admitting the truth of his contention, he could not have been misled or deceived by such document. When plaintiff's request that he be permitted to take an invoice of the stock was denied, he was told by defendant that if it should invoice but ninety cents on the dollar he would not sell his stock for less than $104 per share. The value of the assets of the corporation seem to have been ignored in the transaction.

Appellant insists that this action is brought under the provisions of section 1572 of the Civil Code, which defines actual fraud to consist in: 1. "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true"; 2. "The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true, with intent to deceive another party thereto, or to induce him to enter into the contract." Admitting that the representations set forth in the complaint were false, it is not alleged that defendant did not believe them to be true; nor is there any allegation therein negativing the fact that, if untrue, defendant's information did not warrant him in making the representations. Upon the trial defendant objected to the reception of any evidence upon the ground that there were no actionable issues. We think that the objection should have been sustained. It, therefore, follows that, for the further reason that the complaint is inadequate to sustain a judgment for

plaintiff, the order appealed from must be affirmed. (*South San Bernardino Co.* v. *San Bernardino Nat. Bank,* 127 Cal. 247, [59 Pac. 699]; *Bates* v. *Babcock,* 95 Cal. 479, [29 Am. St. Rep. 133, 30 Pac. 605].)

The order denying appellant's motion for a new trial is affirmed.

Allen, P. J., and Taggart, J., concurred.