[S. F. No. 4779.  Department One.—December 11, 1908.]

## H. E. DAVIS, Respondent, v. T. C. BUTLER, Appellant.

RESCISSION—SALE OF STOCK OF CORPORATION—FALSE REPRESENTATIONS
—INDEBTEDNESS OF CORPORATION—SALES—NET PROFITS.—In an
action to rescind the sale to plaintiff by defendant of two hundred
and fifty shares of stock in a corporation for misrepresentations as
to the amount of its indebtedness, the amount of monthly sales, and
the rate of net profit on sales, when it .appears that the misrep-
resentation of the amount of the indebtedness is material to the
value of the stock sold at par to the extent of nearly three dollars.
per share, the rescission is principally justified on that ground.

ID.—SINGLE MATERIAL REPRESENTATION SUFFICIENT.—A single material
misrepresentation knowingly made, with intent to influence another
into entering into a contract, will if believed and relied upon by the
other, afford as complete ground for rescission, as if it had been.
accompanied by a multitude of other false representations.

ID.—SUPPORT OF FINDINGS—MATERIAL MISREPRESENTATION AS TO IN-
DEBTEDNESS AFFECTING VALUE OF STOCK.—It is immaterial whether
the findings as to false representations as to monthly sales and.

rate of profits are or are not supported by the evidence, if it appears that the evidence is amply sufficient to sustain the finding as to the materially false representation in regard to the indebtedness of the corporation affecting greatly the value of the stock sold at par.

ID.—RELIANCE ON STATEMENT AS TO INDEBTEDNESS—BOOKS NOT SHOWING STATEMENT.—Where it appears that plaintiff before purchasing the stock, looked over the books of the corporation, and was then informed by defendant that neither he nor the corporation kept any books showing the amount of its indebtedness, the plaintiff was justified in relying upon the defendant's statement as to such indebtedness.

ID.—RIGHT OF PURCHASER TO RESCIND—SHOWING AS TO VALUE OF STOCKS.—It is not essential to the right of the purchaser to rescind the contract for the sale and purchase of the stock, that he should be able to show that the property purchased was worth less than he paid for it. It is enough that he was induced by false representations to buy property which would if the representations had been true, have been worth more than it was actually worth.

ID.—OFFER TO RESTORE STOCK—TENDER BEFORE SUIT—ADMISSION OF PLEADINGS—INDORSED CERTIFICATE INCLUDED.—An allegation of the complaint not denied that plaintiff before suit offered to transfer to defendant the two hundred and fifty shares of stock purchased and tendered the same to him, in effect alleges that plaintiff offered to do everything necessary to restore the stock, including the delivery of an indorsed certificate necessary to accomplish the transfer.

ID.—FORM OF JUDGMENT FOLLOWING COMPLAINT—APPEAL FROM ORDER DENYING NEW TRIAL—OBJECTION NOT TENABLE.—The fact that the form of the judgment followed the admitted allegation of the complaint cannot be made a ground of objection on appeal from an order denying a motion for a new trial.

ID.—DELAY IN RESCISSION—FINDING AGAINST UNREASONABLE DELAY—QUESTION FOR TRIAL COURT.—When the whole delay between the purchase and the rescission for the alleged fraud was only a few days over two months, and it appears that some delay may be properly attributable to evasive answers of the defendant when questioned as to outstanding bills, the question as to whether the delay was reasonable under the facts of the particular case, was properly one for the trial court, and when it cannot be said that its finding that the plaintiff's delay was not unreasonable, is against the evidence, its finding will not be disturbed.

APPEAL from an order of the Superior Court of Monterey County denying a new trial. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Maguire, Lindsay, Houx & Barrett, for Appellant.

Dougherty & Lacey, for Respondent.

SLOSS, J.—On November 7, 1905, the defendant sold to the plaintiff two hundred and fifty shares of the capital stock of the Salinas Valley Bottling Company, a corporation. In January, 1906, the plaintiff, claiming that he had been induced to buy the stock by means of fraudulent misrepresentations made to him by the defendant, undertook to rescind the agreement of purchase and sale. The defendant refusing to restore the money and property received as the purchase price, the plaintiff brought this action, praying a decree that the agreement be rescinded, and that defendant be required to transfer to plaintiff the property received as the purchase price of the stock upon plaintiff retransferring the two hundred and fifty shares of stock. The plaintiff had judgment in the court below. The defendant now appeals from an order denying his motion for a new trial.

The Salinas Valley Bottling Company was engaged in the business of bottling and selling beer which it purchased in bulk. Four hundred and thirty shares of its stock, of the par value of ten dollars each, had been issued. The misrepresentations alleged by plaintiff to have been made by defendant had reference to three matters. The complaint averred that the defendant had stated that the indebtedness of the corporation, over and above the money it then had in bank and solvent credits due to it by its patrons, amounted to the sum of $1530 and no more, whereas in fact such indebtedness amounted to the sum of $2,963.64. He had represented that the corporation was and had been marketing and selling two carloads of beer per month, whereas in fact it had not been and was not selling more than one carload per month. The third representation relied upon was that the corporation received a net profit of $6.15 per barrel on the beer bottled and marketed by it, when as a matter of fact said net profit did not exceed $3.35 per barrel.

A jury impaneled to try the issues raised as to fraudulent representations returned a verdict in favor of plaintiff, and, in addition, the court made findings covering all the issues. It found that representations had been made by defendant,

CLIV Cal.—40

as alleged in the complaint, with reference to the three matters above mentioned. The actual indebtedness of the corporation, over and above its money in bank and solvent credits due it, was found to be $2800, instead of $2,963.64, as averred in the complaint. It was found that not more than one carload of beer per month had ever been marketed or sold by the corporation, and that the profit per barrel on the beer marketed and sold by it did not exceed $4.77 per barrel.

The principal point urged by appellant is that these findings are unsupported by the evidence, and a more or less elaborate argument is advanced to show that, in each of the three particulars complained of, no representations that were not substantially true were made by the defendant. We need not follow counsel into this extended field of discussion, since we are satisfied that there was ample evidence to justify the finding that, at least with regard to the indebtedness of the corporation, the defendant had made false representations. A single material misstatement, knowingly made with intent to influence another into entering into a contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it had been accompanied by a multitude of other false representations.

It will hardly be contended that a representation that the indebtedness of the corporation was only $1530, when in fact it was $2800, was not material. There are many corporations having assets and conducting a business of such magnitude that a difference one way or the other of a few thousand dollars of indebtedness would not appreciably affect the value of their stock. But the Salinas Valley Bottling Company had a total outstanding issue of only 430 shares, of the par value of ten dollars each. The sale to plaintiff embraced 250 shares at par. The difference between $1530 and $2800, if apportioned among the outstanding shares of stock, amounts to almost three dollars for each of the 430 shares. Such a discrepancy, having a close relation to the value of the stock, would certainly be material in a transaction based on a selling price of ten dollars per share.

The testimony of plaintiff was clear and direct in support of the allegation and finding that the defendant had stated to him that the indebtedness did not exceed $1530. That it actually did amount to as much as $2800 was also sufficiently

shown. The plaintiff testified that certain amounts were due from the corporation to various creditors. There is no merit in the contention that this evidence must be disregarded because it appeared to be based on demands and statements made by the alleged creditors. The defendant, who was a witness in his own behalf, did not deny that these obligations had been incurred. Furthermore, plaintiff testified that when he learned of these claims he demanded of defendant that he "make it good," to which the defendant answered that he would "see about it." The court was justified in treating this as an admission that the debts had been incurred.

The point is made that a carload of beer had, without the knowledge of either party, come in just prior to the sale of the stock to plaintiff, and that, in so far as defendant's statement of indebtedness failed to include the amount due on this, it was an innocent mistake. It is not clear that the evidence bears out this claim, but if it did, the effect would merely be to make the misrepresentation less gross, while still leaving it substantial and material.

The rule that a party may not complain of misrepresentations regarding matters which he has investigated or, having the opportunity so to do, has begun to investigate for himself (*Dow* v. *Swain,* 125 Cal. 681, [58 Pac. 271]) has no application here. While the plaintiff, before purchasing, looked over the books of the corporation, the court finds (and the finding is not challenged) that defendant stated to plaintiff that neither he nor the corporation kept any books of account showing the corporate indebtedness. The plaintiff was fully justified in relying upon defendant's statements as to such indebtedness. (*Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].)

It is not essential to the right to rescind a contract for the purchase of property that the purchaser should be able to show that the property purchased was worth less than he paid for it. It is enough that he was induced, by false representations, to buy property which would, if the representations had been true, have been worth more than it actually was worth. (*Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].)

If, as is contended by appellant, the delivery of a duly indorsed certificate of stock is necessary to transfer the shares, the allegation of the complaint (not denied) that the plaintiff

tendered to the defendant and offered to transfer to him said two hundred and fifty shares of stock is an allegation that he offered to do everything, including the delivery of an indorsed certificate, necessary to accomplish such transfer. The objection to the form of the judgment, based on this same criticism, cannot be raised on an appeal from an order denying a new trial. (*Crescent Feather Co.* v. *United Upholsterers' Union*, 153 Cal. 433, [95 Pac. 871].)

The sale to plaintiff was made on November 7, 1905. The notice of rescission was given on January 11, 1906, and the complaint filed on January 18, 1906. The court found that plaintiff did not delay an unreasonable time in electing to rescind the contract after discovery of the falsity of the defendant's representations. This finding cannot be said to be contrary to the evidence. The total time elapsing between the purchase and the rescission was only a few days more than two months. Just when the plaintiff discovered the facts is not clearly shown, but it does appear that some delay may properly be attributed to the evasive answer given by the defendant when complaint was made about outstanding bills. Whether the defrauded party has acted promptly (Civ. Code, sec. 1691) is a question to be decided by the trial court upon the facts of the particular case, and there were here no circumstances requiring the court to find that the delay had been unreasonable.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.