[Civ. No. 3567. First Appellate District, Division One.—December 30, 1920.]

# H. O. STIRNUS, Respondent, v. M. O. ADAMS et al., Appellants.

[1] VENDOR AND VENDEE—FRAUDULENT REPRESENTATIONS BY VENDOR—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In an action to recover a sum of money had and received by the defendants as a deposit on account of the purchase price of certain real property, after rescission of the contract of purchase upon the ground of fraudulent representations, if the evidence upon the question of fraud is conflicting, but there is sufficient evidence of tangible weight to support the conclusions of the trial court, it is not within the province of the appellate court to disturb the findings of the trial court, even though it should believe that the preponderance of the evidence adduced inclined the scales to tip the other way.

[2] ID. — UNWARRANTED STATEMENTS BY VENDOR — KNOWLEDGE OF FALSITY IMMATERIAL.—It is no answer to the charge that one has made false representations to say that it has not been shown that the mis-statements complained of were known to be false by the one charged with the offense. A positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, even though he believes it to be true, if made in order to induce another to enter into a contract, constitutes actual fraud.

[3] ID.—SALE OF ORCHARD—AGE AND CONDITION OF TREES—MIS-STATEMENT OF MATERIAL FACTS—RESCISSION.—The statements by the defendants that the age of the orchard on the property contracted to be purchased by plaintiff was only fifteen years old, when it was in fact between twenty-five and thirty years old, and that there was nothing wrong with it, when, on the contrary, it was in a diseased and rundown condition, each, under the circumstances of this case, constituted a mis-statement of a material fact sufficient of itself to constitute ground for the rescission of the contract.

[4] ID.—VALUE OF PROPERTY—PROOF REQUIRED. — In order to permit plaintiff to recover the deposit paid on account of the purchase price of the property, after rescission of the contract of purchase upon the ground of fraudulent representations, it was not essential that the property purchased was worth less than the agreed purchase price. . It was enough that he was induced, by false representations, to buy property which would, if the representations had been true, have been worth more than it actually was worth.

[5] ID.—PARTICIPATION BY AGENT IN FRAUDULENT TRANSACTION—LIABILITY FOR RETURN OF MONEY.—A real estate agent who knowingly

participates with his principal in the consummation of a sale of property by means of fraudulent representations is equally responsible with his principal for the return of the money paid by the vendee, even though such agent has paid the money over to his principal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Gilbert, E. B. Mering and Geo. J. Steiger, Jr., for Appellants.

A. P. Dessouslavy and P. A. Bergerot for Respondent.

BARDIN, J., *pro tem.*—In this action the plaintiff filed his complaint praying for judgment against the defendants in the sum of $1,000 as money had and received by them to and for the use of the plaintiff. The defendants admitted receipt of the sum stated but denied any liability to plaintiff upon the ground that this sum represented the amount of a deposit paid upon a certain contract of sale of real property belonging to defendant Adams, and which defendant Lyon, as agent, had sold to the plaintiff, and which sum it was agreed would be forfeited by the purchaser (one-half thereof to each of defendants), if he failed to complete the terms of the agreement of sale. The real property referred to contained approximately nineteen acres of land, practically all of which was planted as an orchard.

The defendant Lyon filed a cross-complaint alleging, in effect, among other things, the promise of the plaintiff to pay to Lyon, in the event that plaintiff breached his contract of purchase, the further sum of $1,250 as a broker's commission for negotiating the sale. The plaintiff answered the cross-complaint, alleging that the contract was procured by reason of the fraudulent representations of the defendants as to the quality of the said orchard. Upon the issues in this manner framed the case was tried and judgment followed in favor of the plaintiff.

The court found upon the issues of fraud substantially as follows: That prior to the signing of the agreement for the

purchase of said real property, the defendants falsely and
fraudulently represented to plaintiff that the trees in said
orchard were about fifteen years old, whereas, the same were in
fact twenty-five to thirty years old; that prior to such signing
said Lyon, as the agent of said Adams, falsely and fraudu-
lently represented to plaintiff that said orchard was a first-
class orchard, in the best possible condition, and that there
was nothing wrong with it; that, in fact, the trees in said or-
chard were badly sunburnt, due to insufficient moisture and
to long-continued failure to prevent or obviate the effects
of such sunburn; that a large number of the trees had been
seriously injured by the pest known as the ''peach-borer'';
that said orchard was largely infected with oak-root fungus,
and with black-knot or crown-gall; that the trees in said
orchard were stunted and under-developed and that said
orchard was not a first-class orchard, or even an average
orchard, but was in a poor, diseased, and infected condition;
that said representations were false and untrue, and were
known by defendants so to be, and were so made to induce
plaintiff's execution of said agreement. And it was further
found that ''plaintiff was entirely without experience in re-
gard to orchards, and in agreeing to purchase said property,
relied solely upon the aforesaid misrepresentations of de-
fendant.''

No complaint is made against the findings of the court
with respect to the formal steps taken for the rescission of
the agreement, or the promptitude with which plaintiff acted
in that behalf.

[1.] As might well be expected in such a case as this, the
testimony was in sharp conflict as to whether the defendants
had made the representations charged against them. But a
careful reading of the record reveals sufficient evidence of
tangible weight to support the conclusions of the trial court.
Under such circumstances it is not within our province to
disturb the findings, even though we should believe that the
preponderance of the evidence adduced inclined the scales
to tip the other way. And we are not unmindful of the
requirements as to the degree of proof required to support
findings of fraud.

It is urged by the appellants that the findings to the effect
that defendant Lyon knew that the representations referred

to were untrue do not find proper support in the evidence; and that for a like reason the finding that Lyon made the representation that the trees were fifteen years of age must fall. There is evidence of substantial weight which establishes that Lyon, in fact, did state, not as his opinion, but as a fact, that the orchard referred to was a first-class orchard, in the best of condition, well taken care of and about fifteen years old, when, as a matter of fact, the orchard was in the condition and of the age stated in the findings of the court already set out.

[2] It is no answer to the charge that one has made false representations to say that it has not been shown that the mis-statements complained of were known to be false by the one charged with the offense. A positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, even though he believes it to be true, if made in order to induce another to enter into a contract, constitutes actual fraud. (Sec. 1572, Civ. Code.) Under such circumstances it is immaterial that the party charged with fraud did not know that what he said was false, or that he believed it to be true. (*Groppengiesser* v. *Lake,* 103 Cal. 37, 36 Pac. 1036].)

This is not such a case as *Lee* v. *McClelland,* 120 Cal. 147, [52 Pac. 300], where it was held that expressions of opinion, even though they be the "exaggerated, and it may be the reckless, declarations of an eager trader, holding out the golden promise of profit to induce a sale," cannot be made the predicate to avoid a sale upon the ground of false or fraudulent representations. The statements complained of here, as shown from the circumstances of the case, were positive assertions of matters of fact, not of opinion, and related to material facts about which the purchaser had no knowledge. They were made for the purpose of inducing the purchaser to enter into the contract of purchase. These statements were believed by plaintiff, and by reason thereof he entered into the contract and parted .with the money sued for. While the power to cancel a contract should be hesitatingly exercised, this seems to be a proper case for rescission.

It is not necessary to here go into a precise or extended analysis as to whether all the mis-statements attributed to

the defendants had relation to statements of fact. [3] The statement that the age of the orchard was only fifteen years, when it was in fact between twenty-five and thirty years old, and that there was nothing wrong with it, when, on the contrary, it was in the diseased and infected and run-down condition disclosed by the evidence and findings, each, under the circumstances of this case, constituted mis-statements of material facts sufficient in themselves to constitute ground for the rescission of the contract. (*Davis* v. *Butler,* 154 Cal. 623, [98 Pac. 1047].)

[4] In order to permit the plaintiff to recover it was not essential, as claimed by the defendants, that he show that the property purchased was worth less than the agreed purchase price. As stated in *Davis* v. *Butler,* 154 Cal. 623, [98 Pac. 1047], "it is enough that he was induced, by false representations, to buy property which would, if the representation had been true, have been worth more than it actually was worth," citing *Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011].

The finding of the court that the plaintiff relied solely upon the statements of the defendants as to the condition of the orchard is amply sustained by the record. And while it is true that the plaintiff visited the orchard on several occasions previous to executing the agreement of purchase, he was, on account of his entire lack of experience in horticulture, known to defendant Lyon, unable to judge for himself as to its real condition, or to see the things that actually condemned it for his purposes. He was justified, under the circumstances disclosed by the record, in relying upon the statements of material facts already referred to, and since the defendants were unable to make their representations good, they should not, in equity and good conscience, be permitted to retain the moneys which have come into their hands by reason of their misconduct. [5] Defendant Lyon cannot escape liability on account of having acted as the agent of his co-defendant in inducing the plaintiff to enter into the contract of purchase, nor because he paid the money over to his principal. He knowingly participated in the transaction, held to have been fraudulent, and is equally responsible with his co-defendant for the return of the money. (Mechem on Agency, 1458; *Moore* v. *Shields,*

121 Ind. 267, [23 N. E. 89]; *Gray* v. *Ellis*, 164 Cal. 481, [129 Pac. 791]; 2 C. J. 827; sec. 2343, Civ. Code.)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1921.

All the Justices concurred.