[Civ. No. 5971. First Appellate District, Division Two.—November 22, 1927.]

ONA W. SPAULDING, as Executrix of the Estate of HERBERT G. SPAULDING, Deceased, Respondent, v. C. H. O'CONNOR et al., Appellants.

Richard Kittrelle for Appellants.

Redwine & Redwine and H. G. Redwine for Respondent.

KING, P. J., *pro tem.* — Plaintiff bought certain real estate at an auction sale conducted by defendants, who were real estate agents and auctioneers. He paid $23,600. After the date of sale, the making of a deposit of $1,000, and final payment and receipt of a deed he discovered that the property was materially smaller in size than was represented by the defendants, brought the action against the defendants for damages without joining the former owners of the property, and recovered $4,545.

Defendants appeal, claiming (1) That the evidence does not support the findings and (2) That the judgment is against law.

The representations as to size of the property were made by a newspaper advertisement, by a map posted on the property at the time of the sale and by one defendant orally at the time he was conducting the auction, but it nowhere appears that either defendant knowingly made a false statement of the size.

As to the first claim of the appellants it appears that complaint is made of paragraph 3 of the findings where it is found that "plaintiff had no knowledge or information as to the name of the owner or owners of the property at the time he purchased same . . . and the name of such owner or owners was not disclosed to him by said defendants or either of them." And also of paragraph 4 of the findings where "the court finds that the plaintiff

did not discover that the property he purchased was forty feet shorter than what it was actually represented to be until March 26, 1923, and after he had become the owner of said property."

As to this it is only necessary to say that there is evidence to support these findings and it is not the function of this court to weigh the evidence produced to determine in whose favor is the preponderance.

The second specification of ground for a reversal—that the decision is against law—is based upon the argument that appellants were acting as the agents of a disclosed principal and that therefore whatever damage plaintiff suffered was imputed to their principal only and appellants were not liable for it.

The trial court, however, after hearing the testimony, found that the name of the owner or owners was not disclosed to plaintiff, and therefore this argument fails.

In the case of *Jewell* v. *Colonial Theatre Co.*, 12 Cal. App. 681 [108 Pac. 527], cited by appellant, the decision holds that "on its face the contract shows that Becon was acting only as the agent."

And the case of *Center* v. *Monroe*, 77 Cal. 347 [19 Pac. 580], also cited, was a case where the defendant signed a contract for sale of land as agent for the named owner when in fact he had no written authority.

Neither case is in point.

*Stirnus* v. *Adams*, 50 Cal. App. 730 [195 Pac. 955], is a case where the owner Adams and agent Lyon were joined as defendants when plaintiff sued for recovery of the money paid on purchase of an orchard in which the trees were much older than represented and were diseased, infected, and run-down, instead of being a first-class orchard in the best of condition as represented by the defendant Lyon, the agent.

The court there says: "Defendant Lyon cannot escape liability on account of having acted as the agent of his co-defendant in inducing the plaintiff to enter into the contract of purchase, nor because he paid the money over to his principal. He knowingly participated in the transaction held to have been fraudulent, and is equally responsible with his co-defendant for the return of the money."

Story on Agency, section 311, lays down the rule applicable here as follows: "In the next place as to the liability of agents to third persons for their own misfeasance and positive wrongs. In all such cases the agent is personally responsible whether he did the wrong intentionally or ignorantly, by the authority of his principal; for the principal could not confer on him any authority to commit a tort upon the rights or property of another."

When defendants, by newspaper advertisements, by the map posted on the premises at the time of sale and by the oral statement of the auctioneer at the sale represented the lot as greater in size, and hence more valuable than was actually the case, these statements were, or any one of them was, fraudulent, regardless of whether defendants themselves believed or did not believe the statements to be true.

If the fraudulent misrepresentations caused a damage to plaintiff the maker of the representations is liable for this damage.

"If a person without knowledge of the existence of a fact makes a positive representation that such fact exists, in order to induce another to act, the law imputes to him a fraudulent intent. . . . If an agent makes statements fraudulent in law, which causes injury to a person dealing with him he is liable therefor." (*Hamlin* v. *Abell*, 120 Mo. 188 [25 S. W. 516].)

"An officer of a corporation cannot escape liability for fraudulent misrepresentations on the ground that he was acting for the corporation." (*Bank* v. *Byers*, 139 Mo. 627 [41 S. W. 325].)

"The actual perpetrator of a positive and obvious wrong can never exonerate himself from personal liability by showing that he was acting as the agent or servant of another, or even by his superior's command." (*Bennett* v. *Ives*, 30 Conn. 329.)

In *Lewis* v. *Hoeldtke* (Tex. Civ. App.), 76 S. W. 309, a Texas case, where the agent misrepresented the quantity of land sold, the agent was held "liable for the fraud though in making such representations he was merely mistaken."

In *Garrett* v. *Sparks Bros.*, 61 Wash. 397 [112 Pac. 501], the supreme court of Washington uses the language: "It is

fundamental that a party, whether acting for himself or another, is liable in damages for his own fraud. The fact that the principal is also liable does not relieve from responsibility the party who actually commits the wrong. . . . The party who has been wronged may elect to sue either or both.''

In the Minnesota case of *Hedin* v. *Minnesota Med. Inst., etc.,* 62 Minn. 146 [54 Am. St. Rep. 628, 35 L. R. A. 417, 64 N. W. 158], it is said: ''Counsel makes the point that, as to the defendant Lawrence, the action should have been dismissed because he, as the president of the defendant institute, was simply acting for it as its agent. We are not aware of any rule of law which will excuse and absolve a person from the consequences of his own wrong because he happened to be the agent of another at the time of the perpetration of the wrong.''

In the instant case the untrue representations caused plaintiff damage, and the defendants who made those representations are liable to him, whether they were made carelessly or with a deliberate intention to wrong him.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 19, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1928.

All the Justices concurred.