[No. 21529. Department Two. April 18, 1929.]

FREDERICK COOPER et al., Respondents, v. JULIA
KINCAID, Appellant.[1]

Karr & Gregory, for appellant.
William F. Devin, for respondents.

MAIN, J.—This action was brought to recover damages for fraud which arose out of the exchange of properties. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining a recovery against defendant Julia Kincaid. The action as to the defendants Orville K. Johnson and wife was dismissed. Judgment was entered against Mrs. Kincaid for the sum of one thousand dollars, from which she appeals.

The facts are these: Prior to July 14, 1927, the respondents owned an equity in a house located at 719 North 92nd street, Seattle. The appellant, Julia Kincaid, owned an equity in a duplex house located at 2510 East Ward street, in the same city. On or about July 15, 1927, the parties entered into negotiations for an exchange of the properties. The nego-

[1]Reported in 276 Pac. 557.

tiations covered a number of days, at the end of which an exchange was effected by the parties executing the necessary papers. The respondents then moved into the Kincaid house, where they have since resided. Some time after the deal was made, the present action was brought by the respondents for the purpose of recovering damages for fraud, as above stated. They make a number of charges of fraudulent representations inducing the transaction, none of which have substantial merit, with one exception.

While the negotiations were pending, the respondents, on two occasions, looked over the Kincaid house, and on each occasion were told that the upstairs was rented for forty dollars per month, and was occupied by the tenants, when in truth and in fact it was not rented and was not occupied. The trial court made this finding:

"The upstairs of said house was not rented for forty dollars ($40.00) per month, or for any other sum, and would not rent for forty dollars ($40.00) per month, or for any other sum . . ."

After giving consideration to the record before us, it may be said that we are of the opinion that the finding of the trial court is sustained by the evidence. Here was a representation that the upstairs of the duplex house was rented for forty dollars per month and was occupied by the tenants, and whether it was so rented and occupied was something that was peculiarly within the knowledge of the appellant. To deceive relative to the earnings of property is to deceive concerning a material matter, and when such misrepresentations are proven, the injured party is entitled to relief. *Blum v. Smith*, 66 Wash. 192, 119 Pac. 183; *Champneys v. Irwin*, 106 Wash. 438, 180 Pac. 405; *Hahn v. Brickell*, 135 Wash. 189, 237 Pac. 305.

It is said, however, that since the appellant informed the respondents prior to the time the negotiations for the deal were closed that the tenants had moved out of the house, and since the respondents closed the deal with this knowledge, they have no right to complain on the matter of the representations as to the tenancy. The representation complained of was that the house was rented for forty dollars a month and was occupied. The stating that the tenants had moved out would not inform the respondents that the representation previously made that the upstairs was rented for forty dollars per month and was occupied was untrue. Knowledge of a portion of the representations would not preclude a recovery for the remaining portion not known to be false. In 26 C. J., p. 1136, it is said:

"But knowledge of the falsity of a.portion of representations will not preclude recovery for the remaining portion not known to be false."

Had the respondents known, prior to the closing of the deal, that the upstairs had not been rented and occupied as represented to them, an entirely different question would be presented, upon which we here express no opinion.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, MILLARD, and FRENCH, JJ., concur.