[S. F. No. 12580. In Bank.—September 26, 1929.]

CAMM & HEDGES COMPANY (a Corporation), Appellant, v. BANK OF COVELO (a Corporation) et al., Respondents.

G. P. Hall and Emmett I. Donohue for Appellant.

Will Van Dyke and Hale McCowen for Respondents.

LANGDON, J.—This action was brought to recover damages for alleged fraudulent representations and promises. Motions for nonsuit as to each of the individual defendants were granted at the close of plaintiff's case and at the conclusion of the trial judgment was entered in favor of the defendant bank on a directed verdict. The plaintiff appeals.

A. W. Biggers was engaged in constructing a school building near the town of Covelo for the Round Valley Union School District. He was indebted to the Bank of Covelo for overdrafts and loans in the sum of about $6,100 and assigned to that bank all moneys due and to become due him under the contract. Plaintiff supplied materials for the school building and had an unpaid claim therefor of over $3,200. Mr. Owens, representing plaintiff, went to Covelo on January 21, 1924, for the purpose of collecting this claim. While there, he met some of the defendants who are alleged to have made fraudulent statements and false promises which prevented plaintiff from filing a "stop" notice, and thus diverting the last payment on the contract to the payment of plaintiff's claim.

The money due Biggers was collected by the bank and after satisfying its own claim, the balance was placed in the checking account of Biggers and was disbursed by him.

It is contended by appellant, first, that defendants, by their statements and promises substituted themselves for and in place of A. W. Biggers as principal debtors. The contention is not supported by the evidence. The testimony of Owens is to the effect that he first made inquiry of defendant Long, thinking he was the secretary of the board of trustees. Long introduced him to defendants Johnson and Rohrbough, who at the time were standing on the sidewalk in front of the Bank of Covelo. A general conversation followed. Defendant Long was a stockholder and officer of the bank. Defendants Johnson and Rohrbough were each directors and stockholders of the Bank of Covelo, the latter being president and the owner of a majority of the capital stock. Mr. Owens testified: "Mr. Rohrbough told me that there was $11,000 of money that was yet to be paid on account of the contract for the school building; that there was sufficient money there to pay our bill, together with all other bills, and Mr. Rohrbough said that all of the money was being paid through the Bank of Covelo and that the bill of Camm & Hedges would be paid together with all bills, because there was sufficient money with which to pay it. Q. Now, at that time state whether or not Mr. Rohrbough said to you all of the accounts are being paid through the bank? A. He positively stated all bills are being paid through the Bank of Covelo.

Q. And on the 21st of January, when you had this interview he said there was sufficient funds on hand to meet the bills? A. Sufficient money on hand to meet the bills because there was over $11,000 that was still to be paid out on account of that contract. Q. What was said by you and what was said by Mr. Rohrbough in the presence of Mr. Long and Mr. Johnson and what did they say? A. That I was there for the purpose of filing a stop notice if there was—if the notice of completion had been filed, but they said it hadn't been filed because the architect had not yet accepted the building owing to some changes made —some extras, and that had been held up. . . . I asked Mr. Johnson, after I found out he was the secretary of the Board of Trustees if he would notify Camm & Hedges whenever the notice of completion was filed and the warrants drawn for the payment—for the last payment, and he promised he would notify Camm & Hedges when that took place. . . . Having received this assurance that our bill would be paid, I relied upon that assurance and left for Petaluma.''

The foregoing conversation indicates no promise on the part of the defendants nor any of them to be substituted as principal debtor in the place and stead of the contractor Biggers, nor does it contain any promise on the part of plaintiff which would furnish a consideration for such alleged substitution. The plaintiff was not bound to withhold a stop notice and might have filed one at any time had it so desired, without violating a legal duty to defendants. There is nothing in the record which would warrant submitting this question to the jury and any finding by a jury in favor of plaintiff upon this contention would be unsupported by the evidence.

It is also contended by appellant that defendants, by making certain misrepresentations and promises without intention of keeping them, which misrepresentations and promises were believed and relied upon by plaintiff, caused plaintiff to waive certain rights of lien to plaintiff's damage.

The misrepresentations alleged are: ''that there was then due and owing to said A. W. Biggers for and on account of the construction of said school building the sum of $11,000 or thereabouts, and that said sum was sufficient

to pay all bills against said building and for labor and materials furnished and consumed in the construction thereof and that said sum was in the Bank of Covelo and being held by said bank in a fund for the payment of the claims against said building and said fund and that the bank was handling said fund and that all bills for labor and material furnished and consumed in the construction of said school building would be paid by said defendants through said bank and from said fund and that said defendants would notify said plaintiff when said money was to be paid over.''

There is no proof that the sum of $11,000 or thereabouts was not owing to Biggers on account of the school building. The only evidence in the record on this question is to the effect that something over this amount was due him at the time the statement is alleged to have been made. There is no proof that this sum was not sufficient to pay all bills against said building for labor and materials. There is no proof that the individual defendants knew that the bank would not pay all such bills out of the fund collected by it through Biggers' assignment and no proof of any authority in said defendants to make representations on behalf of the corporation defendant, the Bank of Covelo.

■ There is no proof of any consideration for the promise of Johnson to notify the plaintiff when the money was paid over, as stated in the pleading, nor for the promise to notify plaintiff when the notice of completion was filed, as testified to by Mr. Owens. There is no liability, therefore, on the part of these defendants on the theory of breach of contract, nor is there a liability under section 1709 of the Civil Code, for there is no proof of any of the conditions enumerated in section 1710 of the Civil Code. While the plaintiff introduced a copy of the recorded notice of completion, showing its filing on January 17th, there is nothing in the record to show that the defendants knew of its filing. It is true it had been signed and sworn to before a notary public by defendant Johnson, as clerk of the board of trustees, but the record shows that it was recorded at the request of G. R. Redwine and it does not appear that the defendants knew of its filing and recording. The testimony of Owens is that they told him the architect was ''holding it up'' because of some extra work which he had not ac-

cepted and there is nothing in the record to show that this was not their belief at the time of the conversation with Owens. It is further to be observed that the filing of the notice of completion was a matter of public record of which the plaintiff had constructive notice.

 We are in accord with the ruling of the trial court that the facts of this case can create no legal liability on the part of the defendants. The plaintiff neglected to protect its rights and relied upon others to do so for it, but the persons relied upon were under no legal liability to protect the plaintiff and accepted no moral responsibility in the matter.

The judgment appealed from is affirmed.

Preston, J., Waste, C. J., Richards, J., Seawell, J., and Curtis, J., concurred.