[Civ. No. 692.   Fourth Appellate District.—November 6, 1933.]

CHARLES A. GRAHAM et al., Appellants, v. IVAN L. ELLMORE, Defendant; AUGUST MENNES et al., Respondents.

Burke, Hickson & Burke and Daniel G. Marshall for Appellants.

Hiram T. Kellogg and Allen & Lyon for Respondents.

BARNARD, P. J.—This is an action for damages for fraud in a real estate transaction wherein the plaintiffs exchanged certain land in Oregon for an interest in certain land in Orange County owned by the defendant Ellmore. The defendant August Mennes was a real estate salesman in the employ of the defendant L. L. Mennes, who was a real estate broker. The defendant Indemnity Company had furnished a bond for the broker and salesman, under the provisions of the California Real Estate Act. The two last-named defendants had no connection with the matter out of which this case arose, other than this relationship to the salesman. It is alleged in the complaint that both the defendant Ellmore and the defendant August Mennes represented to the plaintiffs that the Orange County land was encumbered only by a deed of trust for $2,500 when in fact it was covered also by another deed of trust for about $6,000, and that this representation was then known by each of said defendants to be false, fraudulent and untrue. The plaintiffs, having recovered judgment against the defendant Ellmore only, have appealed, on the judgment-roll alone, from that portion of the judgment which was in favor of the other defendants.

It is appellants' contention that in view of the findings made judgment must be entered against all of the defendants. The court found that Ellmore and August Mennes each represented that the property was subject only to a deed of trust for $2,500 when in fact it was subject also to another for $6,000; that Ellmore knew at the time that the property was subject to the additional encumbrance; that August Mennes did not know this fact; that when he made the representation August Mennes believed it to be true; and that the representation made by August Mennes was the same representation which had been made to him by Ellmore. The court further found that L. L. Mennes had

nothing to do with the transaction except for the fact that August Mennes was in his employ; that appellant Charles A. Graham is himself engaged in the real estate business and is experienced in the transfer of real property; that he was not negligent, however, in failing to investigate the title records; that the Oregon property traded by the appellants was worth $4,000; and that the value of the Orange County land at the time of the exchange was $1800 over and above the $2,500 encumbrance which was to be assumed.

Incidentally, the appellants argue that they are entitled to judgment against the real estate agents in the sum of $4,000, being the amount of the judgment entered against the owner. While this matter is not important here, under the view we take of the case, it may be observed in passing that such an amount would give the appellants more than twice what they would have received had the representations made been true and, in so far as these respondents are concerned at least, we see no reason why the judgment, if entered against them at all, should not be based upon the usual and established measure of damages (*Hines* v. *Brode,* 168 Cal. 507. [143 Pac. 729]).

The main point urged is that judgment must be entered also against a real estate salesman when both he and the owner have made a false representation, even though the salesman believed the statement made to have been true and even though the same representation had been made to him by the owner. The appellants rely upon *Stirnus* v. *Adams,* 50 Cal. App. 730 [195 Pac. 955], *Spaulding* v. *O'Connor,* 87 Cal. App. 82 [261 Pac. 766], and *Muller* v. *Palmer,* 144 Cal. 305 [77 Pac. 954, 957]. These cases are not decisive of the question before us. In *Stirnus* v. *Adams, supra,* an action for money had and received, it would seem that the agent alone made the misrepresentations and that each of the defendants had received part of the money paid. In any event the agent knowingly participated in the fraud. In *Spaulding* v. *O'Connor, supra,* the agents were acting for an undisclosed principal. In *Muller* v. *Palmer, supra,* the defendants misrepresented their own title, it being held that such a matter was one within their own knowledge. The appellants particularly rely upon certain language quoted in the last-named case to the effect that it is a false representation if a party asserts that as true which he does

not know to be true, and it is argued that the only question that may be considered here is whether the information given concerning this title was true or untrue. While expressions similar to the one referred to may be found in other opinions, such expressions should not thus be separated from their context. Fraud cases vary greatly as to their facts and each case should be considered with reference to its particular circumstances. In the case last referred to, the court also said:

"Actual fraud is committed where one, with intent to induce another to enter into a contract, makes a positive assertion in a manner not warranted by the information of such person of that which is not true even though he believes it to be true."

This statement is based upon sections 1709 and 1710 of the Civil Code, which sections, in so far as they apply here, impose a liability for "the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true". In *Andrew* v. *Bankers & Shippers Co.*, 101 Cal. App. 566 [281 Pac. 1091, 1095], the court said: "When a cause arises out of an alleged false representation, the plaintiff, in order to prevail, must ordinarily show that the representation was as to a material fact, that such fact was false and known to be false by the party making it, or else recklessly made, or without reasonable grounds for believing its truth; . . . "

In *Maxson* v. *Llewelyn,* 122 Cal. 195 [54 Pac. 732], it is said: "Where a man makes a representation in the reasonable belief that it is true, fraud will not be imputed to him if it afterward be shown to be untrue, but there must be reasonable grounds for his belief. (2 Pomeroy's Equity Jurisprudence, sec. 880; Kerr on Frauds, 57.)"

While in the instant case the court found that the statement made by the salesman was untrue, it was also found that he believed it to be true, that he did not know of the existence of the other encumbrance and that he had been told by the owner that only one encumbrance existed. From all its findings the court drew the conclusion that the respondents were not liable. There is an implied finding that the salesman had reasonable grounds for believing the statement made to be true. Whether such statement was warranted by his information and whether he had reason-

able grounds for believing the same to be true, depend upon all the circumstances of the particular case and are questions, primarily, for the trial court. Not only is there an implied finding that the salesman had reasonable ground for believing the statement true, but, the evidence not being before us, we must assume that in all respects it supports the judgment. The facts in connection with the condition of this title were peculiarly within the knowledge of the owner, the salesman was as much deceived by the owner as was the other party to the transaction, and in one sense it was no more unnatural or unreasonable for the salesman to fail to examine the records than for the respondents to make the same error. In effect, the court found that, while the agent made the statement and that it was false, it was neither wilfully made nor fraudulent so far as he was concerned since he knew nothing of the other encumbrance and since he was justified by his information in thinking the title was as represented. Also, in effect, the court found that the appellants relied upon statements innocently made by the salesman and wrongfully and knowingly made by the owner. While it may be true as a general proposition that an agent who is equally guilty with an owner is also liable for any damage caused, we think the trial court was justified in holding that under the circumstances of this case the salesman was neither equally guilty nor equally liable, especially where the respondents concluded the deal directly with the principal. In our opinion, a judgment against the respondents is neither demanded by the general principles of equity and justice nor compelled by the findings made.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.