[Civ. No. 12314.   First Dist., Div. Two.   Dec. 1, 1944.]

RODERICK SECKEL, Appellant, v. LEE W. ALLEN et al., Respondents.

Theodore M. Monell for Appellant.

William E. Ferriter, James C. Purcell, Dudley F. Miller, Gerald C. Halsey, Frederic T. Leo and Halsey & Leo for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover damages for fraud imposed on the plaintiff in the sale to him of a lot and garage building located thereon. He named many defendants, L. W. Allen as the owner, Elsie M. Allen as his wife, W. A. Smith as tenant, and several individuals as real estate agents. The defendants answered and the action was tried in the trial court before a jury. At the end of the plaintiff's case the trial court granted the motions for nonsuit made by the several defendants. The plaintiff consented to the granting of the motion of Elsie M. Allen but complains of the orders granting the other motions. He contends that the trial court erred in taking the case from the jury, and that on this appeal he is en-

titled to the benefit of all evidence that was substantial, including every inference reasonably to be drawn therefrom.

On the trial of the action the plaintiff, a man of about thirty years of age, took the stand and testified in his own behalf. Among other things he testified that the defendant McCormick represented the property as being of a value much in excess of $55,000. He also testified that McCormick represented to him that the property was leased to the defendant W. A. Smith and that there was a cash deposit of $4,200 to secure the payment of the rent. The plaintiff testified that he believed the representations and acted thereon. Some of his witnesses were experts who testified the property was worth only $35,000. Other facts deemed material will be stated as we proceed.

Prior to April 1, 1940, Lee W. Allen and Elsie M. Allen, his wife, were the owners of the lot and concrete garage building located thereon, number 640 O'Farrell Street in San Francisco. On April 1, 1940, they leased the property to W. A. Smith for a term of ten years for a total rental of $81,000. The lease provided that $650 per month should be paid as rental for five years and $700 per month for the next five years. Shortly afterwards the owners employed J. W. Wright & Co., a corporation, to negotiate a sale of the property. Mr. Allen executed a written listing thereof which he signed and delivered. Among other things that listing had written on the face thereof: "Income: Leased to: W. A. Smith for ten years April 1, 1940 for total rental of $81,000. $650 per month for five years $700 per month for five years. Average rental $675 month $8100 year $4200 cash security up on lease." Prior to July 31, 1940, the plaintiff appeared at the office of J. W. Wright & Co. and there he met J. F. McCormick a real estate broker acting for said company. In his complaint he alleged that "Plaintiff did inform the defendants above named that he had no experience in the real estate business in San Francisco, nor in the State of California, nor in the United States of America, and that his principal place of business had been in South Africa and in London, England, and that he was relying upon defendants above named to properly assist, and instruct, and guide him in the purchase of property suitable for garage purposes." He also alleged other averments necessary to plead a cause of action for fraud. (12 Cal.Jur. 806.) On the trial he testified that when he applied to Mr. McCormick the latter produced the list above mentioned and said, " 'Here is something I would like to buy

myself; this is a wonderful thing.' Then he pointed out that the lease was secured by a cash deposit of $4200. He thought I could get the lot and building for $55,000 and that it was worth much more than $55,000.'' The plaintiff also testified that McCormick also told him the property had a wonderful return, paying 44½ per cent on the investment of $16,800 and 12¾ per cent on the total value of the property, and that it was worth much more than $55,000.

The plaintiff took the stand as a witness in his own behalf and was examined and cross-examined. Under section 2055, Code of Civil Procedure, he called the defendant Lee W. Allen and the defendant W. A. Smith. Each was examined and cross-examined. There is no dispute in the testimony that the said list was exhibited to the plaintiff and the passage above quoted was specifically called to his attention by Mr. McCormick. Mr. Smith testified that he took from a strong box in his bureau $4,200 and paid it to Mr. Allen as a deposit. The latter testified he received the cash and put it in a hollow brick for safekeeping. No other evidence of the payment was offered. The written lease was produced. On its face it recited the making of the deposit. It called for no interest to be paid thereon. The plaintiff stresses these facts and claims he should have been allowed to present them to the jury and ask it to hold and infer that both Mr. Allen and Mr. Smith were not telling the truth, and that there was not in fact any deposit for the security of the rental and that the entire leasehold claim was a fiction.

██ J. W. Wright & Co. and J. F. McCormick, the broker, contend that they were not parties to the framing of the list and that they were entitled to accept it as tendered by their client, Mr. Allen. (Restatement of the Law of Agency, § 348, p. 762; *Graham* v. *Ellmore,* 135 Cal.App. 129 [26 P.2d 696].) That claim we think is sound so far as the real estate agents are concerned. However it is no reply so far as the owners and Mr. Smith are concerned. If, in fact, said recital contained in the list was a fiction and a fraud, those who perpetrated the fraud were liable in an action based on fraud. (*Hunter* v. *McKenzie,* 197 Cal. 176, 185 [239 P. 1090]; *Cooper* v. *Kincaid,* 151 Wash. 535 [276 P. 557, 558]; *Karst* v. *Seller,* 45 Cal.App. 623, 626 [188 P. 298].) ██ The defendant L. W. Allen, and the defendant W. A. Smith, both cite authorities holding that fraud is never presumed. That, of course, is the law. However, the rule has no pertinency when a motion

for a nonsuit in an action based on a claim of fraud is the question involved. If defendants would make use of the rule they should have waited until the cause was submitted to the jury and then have argued for and against presumptions. In other words it was for the trier of the facts, in this instance for the jury, to draw its own inferences and to apply such presumptions, when the whole case was submitted, as the trial court might direct by the instructions which would then have been given. Reviewing a judgment of nonsuit in *Mitchell Camera Corp.* v. *Fox Film Corp.*, 8 Cal.2d 192, at page 197 [64 P.2d 946], the court said: "Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. If contradictory evidence has been given it must be discarded. (*Estate of Arnold*, 147 Cal. 583 [82 P. 252].) The plaintiff must be given the benefit of every piece of evidence which tends to sustain his averments and such evidence must be weighed in a light most favorable to plaintiff's claim. (*Anderson* v. *Wickliffe*, 178 Cal. 120 [172 P. 381].)" So in the instant case, the plaintiff was entitled to argue that an inference might properly be drawn in favor of or against L. W. Allen and W. A. Smith.

■ As to the claim that the value of the property was misrepresented, J. W. Wright & Co. and J. F. McCormick assert that the facts show no case was made against them. We think that is so. In pleading his case the plaintiff alleged that the defendants represented that the property "was reasonably worth greatly in excess of the sum of $55,000." Continuing, the plaintiff also alleged "that the statements and representations made by defendants herein were and are and each of them was and is false . . . and each of them knew that the said statements were and are false." In other words, the plaintiff attempted to plead subdivision 1 of section 1572 of the Civil Code. To make a case the plaintiff was bound to produce some evidence that when J. F. McCormick made the alleged statement he did not know it to be true nor did he have any information which reasonably justified him in believing it to be true. (*Graham* v. *Ellmore*, 135 Cal.App. 129, 132 [26 P.2d 696]; *Nash* v. *Rosesteel*, 7 Cal.App. 504, 508 [94 P. 850]; *Nunemacher* v. *Western Motor etc. Co.*, 82 Cal.App. 233, 239 [255 P. 266].) But there is not a particle of evidence, direct or indirect, that J. F. McCormick wilfully or knowingly misrepresented the value of said property. On the other hand there was considerable evidence that he be-

lieved said representations to be true. It follows no case was made against him nor against J. W. Wright & Co., his employer.

Something is said in the briefs touching the liability of the defendants as in an action for deceit. (Civ. Code, §§ 1709-1711.) We need not pause to discuss that contention. An action for deceit was not pleaded, nor was a request made to amend to conform to the proof. Therefore that issue was not before the trial court. (*Williams* v. *Spazier*, 134 Cal.App. 340, 347 [25 P.2d 851]; *Camm & Hedges Co.* v. *Bank of Covelo*, 208 Cal. 246 [280 P. 962].)

The judgment in favor of L. W. Allen and W. A. Smith is reversed but as to all other defendants it is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied December 30, 1944, and respondent Allen's petition for a hearing by the Supreme Court was denied January 29, 1945.