LANNY PRIGGE, APPELLANT, *v.* SOUTH SEVENTH REALTY, RESPONDENT.

No. 12384

December 30, 1981                    637 P.2d 1222

---

*Lehman & Nelson,* and *Harold M. Hecht,* Las Vegas, for Appellant.

*Bilbray, Carelli & Miller,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant, purchaser of certain real property in Las Vegas, sued the sellers and the listing realty company. This is an appeal from summary judgment in favor of the realty company. Viewed in the light most favorable to appellant buyer, the facts are that the realty company, in listing certain property for the sellers, falsely represented that the dwelling on the property was a frame and stucco house, when in fact it was not. This representation was relied upon by appellant, who would not have purchased the property had he known the true facts.

Respondent contends that it simply relied upon the representations of the sellers, which it neither knew, nor had reason to know, were false. Appellant does not claim that respondent realty company knew or should have known the true facts through the exercise of reasonable care. Instead, he relies exclusively upon the contention that a listing agent should be liable, upon a theory of "innocent misrepresentation", for all facts contained in a listing. We are not persuaded.

We agree rather with respondent's contention that the applicable rule is found in 2 Restatement (Second), Agency § 348, Comment b, at 113 (1958): "An agent who makes untrue statements based upon the information given to him by the principal is not liable because of the fact that the principal knew the information to be untrue. An agent can properly rely upon statements of the principal to the same extent as upon statements from any other reputable source."

Such a rule has been followed by a number of courts in other jurisdictions which have refused, in similar circumstances, to hold an agent for a disclosed seller responsible for an independent search for concealed facts, in the absence of any information which would have put the agent on notice. *E.g.,* Seckel v. Allen, 153 P.2d 394 (Cal.App. 1944); Graham v. Ellmore, 26 P.2d 696 (Cal.App. 1933); Lyons v. Christ Episcopal Church,

389 N.E.2d 623 (Ill.App. 1979); Vendt v. Duenke, 210 S.W.2d 692 (Mo.App. 1948). Smith v. Badlam, 22 A.2d 161 (Vt. 1941). *See* Aldrich v. Scribner, 117 N.W. 581 (Mich. 1908).

Under the circumstances presented here, we find that appellant must seek his remedy against the allegedly fraudulent sellers, and affirm the judgment of the court below.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.