[Civ. No. 6001. First Appellate District, Division One.—January 6, 1928.]

B. DILLER, Respondent, v. CHARLES SCHINDLER, Appellant.

William Klein and Arthur H. Barendt for Appellant.

Walter McGovern for Respondent.

TYLER, P. J.—Action for damages for breach of contract in the sale of a business. In January, 1924, Diller, the

plaintiff and respondent herein, purchased from defendant and appellant, Charles Schindler, a ''Kosher'' restaurant on Golden Gate Avenue, San Francisco, for the sum of fifteen hundred dollars. A bill of sale was executed in an attorney's office and delivered by Schindler to Diller. The instrument disposed of the going business, the goodwill, cash register, furnishings, and cooking utensils. Some six months later Schindler purchased a going restaurant of the same character, which was situated on an upper floor two doors from the restaurant he had sold to Diller. The latter thereupon brought this action, praying for damages and an injunction restraining defendant from conducting and carrying on his newly acquired business. The action was based upon an alleged collateral agreement made at the time of the sale by Schindler to plaintiff of the business above referred to, under which Schindler was said to have promised and agreed that he would not at any time conduct any restaurant in the neighborhood of the business he had sold. Defendant Schindler by answer denied *inter alia* the making of any such agreement, and as a further and separate defense set up the plea of the statute of frauds, claiming that an agreement of the character relied upon by plaintiff should be in writing. It was stipulated at the trial that if any such agreement was made by Schindler, it was a verbal one between the parties. There was offered by the plaintiff and received, oral evidence to the effect that at the time of the sale Schindler had agreed not to open a restaurant within ten blocks from the place of business he was selling. Defendant admitted that the subject of incorporating a clause of this character in the bill of sale was discussed just before the instrument was executed, as plaintiff wanted it in writing, but defendant claimed that he refused to enter into any such agreement. Defendant's view would seem to be confirmed by the evidence, which shows that the subject was brought up by the attorney who drew the bill of sale, but, as stated, no mention of the matter appeared in that instrument. However this may be, judgment went for plaintiff for a permanent injunction and damages were assessed in the sum of one thousand dollars. From this judgment defendant Schindler appeals. Under plaintiff's pleadings and the proof adduced to support them it is clear that the judg-

ment rests on the breach of the parol agreement. This being so, we are of the opinion that the judgment cannot be sustained without doing violence to the parol evidence rule.

■ While counsel have not favored us with any direct authority upon the subject, the law seems to be settled that where a duly executed, formal, written contract of sale of a business contains no restriction on the right of the seller to re-engage in the same character of business, oral evidence that he agreed not to do so is inadmissible as varying the terms of the written instrument. As was said in *Bassett* v. *Percival*, 5 Allen (Mass.), 345, the parties having reduced their contract to writing, their rights under it must depend on the true interpretation of its terms, irrespective of any parol evidence of what took place previously to or at the time of the making of the agreement. ■ No such agreement can be implied from the clause in the bill of sale by which the vendor conveyed the goodwill of the business. Agreements of this character, if not in undue restraint of trade, may be valid and binding when expressly made, but they cannot be implied from the sale of the goodwill, nor can oral evidence be introduced to establish them (28 Corpus Juris, p. 739; *Smith* v. *Gibbs*, 44 N. H. 335; *Costello* v. *Eddy*, 58 Hun, 605 [12 N. Y. Supp. 236], affirmed in 128 N. Y. 650 [29 N. E. 146]; *Wessell* v. *Havens*, 91 Neb. 426 [Ann. Cas. 1913C, 1377, 136 N. W. 70]). To permit plaintiff to prove that the contract was something different from that contained in the bill of sale would be to permit a written agreement to be added to or varied by parol, which the law will not allow. ■ Even conceding, therefore, that the findings of the court are fully supported by the evidence that Schindler did orally agree not to re-engage in said business, so long as this stipulation was not incorporated in the written agreement which was subsequently made, and so long also as no claim is made that any fraud was practiced in connection with the making and execution of the written contract in question, plaintiff has failed to show a case that entitles him to relief (*Zanturjian* v. *Boornazian*, 25 R. I. 151 [55 Atl. 199]). In case of a mistake or omission in this respect, doubtless the contract could be reformed in equity, but this is not such a proceeding. In an action at law the terms of the contract in such

a case must prevail and the legal rule that all agreements of parties are merged in their writings must also control. We conclude, therefore, that the trial court erred in receiving parol evidence to establish the limitation in question and engrafting it on the bill of sale, as it is inconsistent with the written instrument. In the absence of such an agreement the seller of a business has a right to re-engage in the same line of business. This is a valuable right, and to prevent him from so doing in the manner indicated is in effect making a new contract between the parties and one which contains more onerous terms than those agreed upon under the written contract.

The judgment is reversed, with directions to the trial court to enter judgment for defendant.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 5, 1928.

All the Justices concurred.