[Civ. No. 12048. Second Appellate District, Division Two.—January 24, 1939.]

M. W. KAINS, Respondent, v. THE FIRST NATIONAL BANK OF POMONA, Administratrix, etc., Appellant.

Nichols, Cooper & Hickson, Cannon & Callister, Jerry Giesler, Meyer M. Willner and Ward Sullivan for Appellant.

Ben S. Hunter for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a sum of money alleged to be due plaintiff's assignor from the estate of defendant's decedent, defendant appeals.

These are the material facts:

Oliver O. Clark, plaintiff's assignor, had acted as attorney for Anna Powell Crookshank for a long period of time prior to her death. After her death, which occurred September 10, 1936, he filed with defendant, the administrator of her estate, a verified claim in the amount of $22,350, which claim was rejected and the present suit instituted thereon. The complaint in six counts alleged among other causes of action, one, upon a book account for the sum of $22,350 and another for the reasonable value of services rendered to deceased subsequent to December 26, 1935, in the value of $10,000. The trial court gave judgment for $12,350 in favor of plaintiff on the count alleging the book account and for $7,500 on the count for professional services rendered subsequent to December 26, 1935.

Defendant relies for reversal of the judgment on these propositions:

*First: The trial court committed prejudicial error in admitting in evidence, in support of the count of the complaint alleging a book account, the account books of plaintiff's assignor, for the reason that a proper foundation for their admission was not laid by competent testimony.*

*Second: There is no substantial evidence to sustain the trial court's finding as to the reasonable value of the services rendered by plaintiff's assignor to decedent subsequent to December 26, 1935.*

The first proposition is untenable. The law is established that there must be preliminary proof of the following elements in order to lay the foundation for the admission of account books:

(1) The books in question are books of account.

(2) They were kept in the regular course of business.

(3) The business is of a character in which it is proper or customary to keep such books.

(4) The entries in such books are either original entries or the first permanent entries of the transactions.

(5) The person making such entries had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of business. (*Chan Kiu Sing* v. *Gordon*, 171 Cal. 28, 31 [151 Pac. 657].)

450

Applying the foregoing tests to the facts of the instant case we find:

(a) An examination of the books discloses that they are undoubtedly books of account. This fact supplies the first element.

(b) Mr. Clark testified that the journal and ledger received in evidence were his account books of original and permanent entry kept in the conduct of his professional business. This testimony was properly admitted, as it is the established law of California that section 1880, subdivision 3, of the Code of Civil Procedure does not prevent a party from giving testimony relative to: (1) the identity of the books produced, and (2) the fact that he kept books of original entries, which were made at the time of the transactions. (*Stuart* v. *Lord,* 138 Cal. 672, 678 [72 Pac. 142].) This testimony supplies the second and fourth elements.

(c) This court takes judicial notice of the fact that it is proper and customary for an attorney at law to keep books of account. This supplies the third element.

(d) Laura B. Billerbeck, a bookkeeper employed by plaintiff's assignor, testified that she kept the books for Mr. Clark, that the entries therein made by her were truthful and correct, and that they were made within a few days after she received the information in the regular course of business from Mr. Clark. This evidence supplies the first, second, fourth, and fifth elements.

It is therefore evident that the trial court properly received in evidence the account books of plaintiff's assignor which sustained its finding that there was due plaintiff on a book account the sum of $12,350.

Defendant's second proposition is likewise untenable. The evidence disclosed that subsequent to December 26, 1935, plaintiff's assignor represented decedent in a divorce action in the Superior Court of Los Angeles County which involved a large sum of money and which was on trial for more than a week. The judge who presided at the trial of that action testified herein that the reasonable value of the services rendered by plaintiff's assignor was the sum of $10,000. This of itself was substantial evidence to sustain the trial court's finding that the reasonable value of the services rendered was $7,500.

In view of the well-established rule that a judgment will not be reversed for insufficiency of the evidence if it is sustained by one or more counts of the complaint, which counts in turn are supported by substantial evidence, as in the present case, it is unnecessary for us to discuss the other errors urged by defendant as to other counts in the complaint.

For the foregoing reasons the judgment appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.