[Civ. No. 20243. Second Dist., Div. Three. Nov. 22, 1954.]

SAM KAYE, Appellant, v. HENRY TELLSEN, Respondent.

Julian S. Gould for Appellant.

Barry B. Stepsay for Respondent.

VALLÉE, J.—Plaintiff appeals from an adverse judgment in a suit to enjoin defendant from soliciting customers on a cleaning route purchased by plaintiff from defendant and for damages.

Defendant conducts a cleaning and dyeing establishment under the fictitious name of Los Angeles Master Cleaners and Dyers. Prior to December 19, 1952, he owned and used a truck in traveling a route for the pickup and delivery of garments taken to his shop. On December 19, 1952, defendant executed a bill of sale of the truck and the route to plaintiff. The bill of sale stated that for $3,000 defendant sold to plaintiff the truck "and also the business that carries on this route Including all calls pertaining to the route including all goodwill pertaining to the said route for now or in the future." Defendant furnished plaintiff with a list of the customers on the route. For a period of two weeks thereafter defendant accompanied plaintiff on the route and introduced him to the customers.

On January 2, 1953, defendant signed and delivered to plaintiff a writing which states: "I hereby agree for considerations received to turn over my established route business only, to Sam Kaye. I also agree that I will in no way infringe on this business. I will not solicit pick up or deliver on this route."

At the time the bill of sale was executed it was orally agreed that defendant would clean and dye all work plaintiff brought into defendant's shop from the route for 50 per cent of the consideration received by plaintiff for the work. At the end of the first week, defendant billed plaintiff on a basis of 60 per cent to defendant and 40 per cent to plaintiff, and plaintiff told defendant he intended to sever the relationship. Three weeks later plaintiff terminated the arrangement by which defendant was to clean and dye. About two or three weeks later, plaintiff found some yellow blotters in the territory covered by the route announcing a "special offer" of reduced rates by defendant. Nothing is printed on them relative to pickup or delivery service. However, the following words are found: "BRING THIS CARD for our Special Offer." Three months later, plaintiff found some white blotters advertising defendant's business and making a special

offer. The words "CASH & CARRY ONLY" are printed on the blotters.

Max Schorr, plaintiff's wife's cousin, testified that sometime in February he telephoned Los Angeles Master Cleaners and asked, "Is Sam Kaye there, the driver?" A man answered and said, "No. All I did was sell him a truck"; and he hung up. Another witness testified she called the shop and asked for plaintiff; a man answered and said, "Well, Mr. Kaye is not with us any more"; she said, "Could you tell me where I could get in touch with him?"; he said, "No."; she said, "I have some cleaning"; he said, "Where do you live?"; she told him; he said, "That is near here. Why don't you bring your cleaning in and I will give you a discount?"; she said, "No, . . ."

Plaintiff's wife testified that about four or five weeks after plaintiff left defendant she called defendant; after giving a fictitious name, she asked if there were any messages for plaintiff; Mrs. Tellsen answered the telephone and said there were none. Three or four days later she called again, and, after giving another fictitious name, asked "would Mr. Kaye please come for work"; Mrs. Tellsen said she would give plaintiff the message, but when Mrs. Kaye asked him if he had received her call he said he had not. On both occasions Mrs. Tellsen was "very nice."

Plaintiff prayed judgment that defendant be enjoined from interfering with plaintiff's customers on the route and for $10,000 damages. Defendant filed a cross-complaint seeking damages for alleged fraud. After plaintiff had rested and defendant had failed to offer any evidence the court announced its decision for defendant on the complaint and for plaintiff on the cross-complaint.

The court found that defendant signed the agreement of January 2, 1953, at plaintiff's request, "to clarify" the bill of sale; the oral agreement as to the percentage defendant was to charge for work brought in by plaintiff from the route was collateral to and independent of the written agreement, and plaintiff voluntarily acquiesced in and consented to the increased prices and charges; after January 1, 1953, defendant did not solicit plaintiff's customers on the route or endeavor to induce them to continue to give their work to him; defendant did not fail or refuse to give plaintiff telephone calls from the customers on the route desiring pickup service; defendant did not inform plaintiff's customers that he did not sell the route to plaintiff and that he did not know

where to contact plaintiff; defendant did not discourage plaintiff's customers from giving plaintiff work; plaintiff failed to establish any damage suffered by him, any legal ground for damages, or any legal ground or right to injunctive relief. Plaintiff appeals.

Plaintiff asserts the findings are contrary to the evidence, and, inconsistently, that the findings require a judgment for him.

Section 16601 of the Business and Professions Code provides: "Any person who sells the good will of a business, . . . may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, . . . has been carried on, so long as the buyer, or any person deriving title to the good will . . . carries on a like business therein." The bill of sale does not contain any provision prohibiting defendant from continuing the business of picking up and delivering garments on the route sold to plaintiff. ■ Where a contract of sale of a business has no restriction on the right of the seller to continue or re-engage in the same character of business, an agreement not to do so will not be implied from the sale of the goodwill, nor can oral evidence be introduced to establish it. (*Diller* v. *Schindler*, 88 Cal.App. 250, 252 [263 P. 277].)

On January 2, 1953, defendant executed the instrument "to clarify" the bill of sale. Defendant promised to turn over his established route business to plaintiff, and added "I will not solicit pick up or deliver on this route." Plaintiff contends defendant solicited customers on the route by means of distributing blotters in the area covered by the route.

Defendant did not bar himself from soliciting cash-and-carry customers. He agreed not to solicit "pick up and deliver" on the route. The yellow blotters directed the general public's attention to defendant's special offer of reduced rates and told them to bring the cards to the shop for the offer. The white blotters expressly referred to cash-and-carry business only. The effect of both of these advertisements was to inform the public of benefits given if they brought clothes to the shop. ■ Merely informing former pickup and delivery customers, one class of customers, of special offers given to cash-and-carry customers, another class of customers, is not solicitation. (See *Aetna Bldg. Maintenance Co.* v. *West*, 39 Cal.2d 198, 204 [246 P.2d 11].) Defendant did not agree

not to solicit "cash-and-carry" business. He agreed not to solicit "pick up and deliver" business. There was no evidence that he solicited "pick up and deliver" business. The findings are supported by the evidence.

The contention that the findings require a judgment for plaintiff is without merit. ■ Counsel for defendant made the mistake of drafting the findings in large part by reference to the allegations of each paragraph of the complaint. That is always an unsatisfactory method of drawing findings; inaccuracies and conflicts are frequent when that method is adopted. (*Epstein* v. *Gradowitz,* 76 Cal.App. 29, 31 [243 P. 877].) ■ A reviewing court will liberally construe findings in support of the judgment. Any uncertainties will be construed so as to uphold rather than defeat the judgment. (4 Cal.Jur.2d 444, § 571.) In reviewing the sufficiency of findings to support a judgment, the court will regard the ultimate facts found. ■ It would be unreasonable to construe the finding, "incidentally to the sale of the truck and route business, [defendant] furnished plaintiff a list of customers which he (defendant) generally solicited for their cleaning and dyeing business," to be that defendant solicited the customers after the sale to plaintiff. The finding means that the list was of customers solicited by defendant prior to the sale. Further, the court found in a later finding that after January 1, 1953, defendant did not solicit plaintiff's customers on the route purchased or endeavor to induce the customers to continue to give their work to him.

Plaintiff also appealed from the nonappealable order denying his motion for a new trial.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.