[Civ. No. 5837. Fourth Dist. July 11, 1958.]

TROY GOUGH, Appellant, v. SECURITY TRUST AND SAVINGS BANK OF SAN DIEGO (a Corporation), as Executor, etc., Respondent.

*Assigned by Chairman of Judicial Council.

Earl J. Cantos for Appellant.

Ralph Waverly Wallace, William McChesney Wallace and Lawrence A. Patton for Respondent.

McCABE, J. pro tem.*—Plaintiff appeals from the judgment of dismissal entered after the granting of a motion for nonsuit.

By the first cause of action plaintiff seeks to recover from the estate of decedent upon *quantum meruit* for services rendered. The second cause of action alleges an oral agree-

*Assigned by Chairman of Judicial Council.

ment whereby plaintiff agreed to render services for decedent and she agreed to leave a will giving property to plaintiff to compensate him for the services.

Decedent, a widow, was approximately 85 years of age at the time of her death on October 1, 1956. Plaintiff, a nephew by marriage, had known decedent for about 19 years prior to her death. During the period from May, 1947, to October 1, 1956, plaintiff had been continually and gainfully employed by a ferry boat company. Decedent lived in her own home. Plaintiff lived at his own home. Plaintiff and decedent were friends and frequently visited in each other's home. From 1947 to October 1, 1956, plaintiff trimmed the hedges, cut the lawn, did some plumbing, carried out the trash and did household jobs at decedent's home.

Defendant as executor of the estate at the trial invoked the prohibition set forth in section 1880, subdivision 3, Code of Civil Procedure, which provides as follows:

"The following persons cannot be witnesses:

. . . . . . . . . . . . . . .

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

Most of the testimony adduced at the trial came from witnesses not precluded from testifying by the provisions of this section. The attorney who in December, 1955, prepared a will for decedent, testified to a copy of the will and such copy was admitted into evidence. By the terms of that will decedent bequeathed some shares of stock to plaintiff, provided that he was to be the residuary beneficiary, and appointed him executor. As late as September, 1956, decedent told plaintiff and others that she had not changed her will "and that he would get well paid for what he has done, for him not to worry about it." Similar statements were made by decedent during the years immediately prior to her death. Obviously, the December, 1955, will was revoked and another will under which defendant bank was appointed executor was admitted to probate. The date and provisions of the will admitted to probate and under which defendant was appointed executor do not appear in the record but we may assume that the provisions of the will are not favorable to plaintiff.

Plaintiff sought to introduce into evidence certain records dating from April, 1947, which records were kept by him. It is contended these records reflected the work done and number of hours of work done by plaintiff for decedent and the entries were made from "month to month." Plaintiff offered them into evidence as business records and account books kept by plaintiff in the course of his doing of the work for decedent. The exact form of the records is not clear from the record except they were on sheets of paper clipped together by a staple and they reflected writings of plaintiff. Defendant objected to the admissibility of these records on the grounds: (1) they are not account books or business records kept in the course of business; and (2) to admit them would violate the provisions of section 1880, subdivision 3, *supra*.

 It has been the rule of evidence in this state for many years that the foundation which must be laid for the admission into evidence of business records is: (1) the books or records are books of account; (2) kept in the regular course of business; (3) the business is of a character in which it is proper and customary to keep such books; (4) the entries are either original entries or the first permanent entries of the transaction; (5) made at the time or within a reasonable proximity to the time of the transactions; and (6) the persons making them had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some person employed in the business whose duty it was to make the same in the regular course of business. (*Chan Kiu Sing* v. *Gordon*, 171 Cal. 28, 31 [151 P. 657]; *Kains* v. *First National Bank*, 30 Cal.App.2d 447, 449 [86 P.2d 935].)

Section 1953e of the Code of Civil Procedure provides: "The term 'business' as used in this article shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not."

Section 1953f of the Code of Civil Procedure provides: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

■ Under these rules of evidence plaintiff did not lay the proper foundation for the admissibility of the papers. Under the testimony in the record plaintiff could not do so. By his ruling in sustaining the objection to their admissibility the trial judge determined that the records were not books of account, kept in the regular course of business, and the business was not of such a character in which it is proper and customary to keep books. Plaintiff had regular gainful employment as an employee of a ferry boat company, he was not engaged in any private business of his own. Such being the fact, any records kept by him would not be admissible on his case in chief as business records or account books. The ruling of the court was correct.

Because the papers were not admissible as business records or books of account it becomes unnecessary to rule upon the contention of defendant that they are inadmissible under the prohibitions of section 1880, subdivision 3 of the Code of Civil Procedure.

■ Plaintiff contends the trial court erred in refusing to allow him to introduce into evidence a bill of particulars which was a part of the official file of this case. The trial court's ruling was correct. In *Silva* v. *Linneman*, 73 Cal. App.2d 971, 975 [167 P.2d 794], the court said:

"A bill of particulars merely amplifies the allegations of the complaint, and it is deemed to constitute a part of that pleading. It is in the nature of a more specific allegation of the facts recited in the complaint, and requires proof of each item contained therein, just as a complaint does. It has the effect merely of limiting plaintiff's evidence to the specific items therein. It does not take the place of necessary evidence in proof of the alleged cause of action." (Cases cited.)

■ On a motion for nonsuit the trial court is governed by certain rules. In the case of *Estate of Lances*, 216 Cal. 397, 400 [14 P.2d 768], these are defined as follows:

"It has become the established law of this state that the power of the court to direct a verdict is absolutely the same as the power of the court to grant a nonsuit. A nonsuit or a directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given.' (Cases cited.) Unless

it can be said as a matter of law, that, when so considered, no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.'' (Citation.)

Clearly, the motions for nonsuit were properly granted as to both causes of action. There is no evidence in the record and no legitimate inference which may be drawn to support any other reasonable conclusion than that reached by the trial judge. In each cause of action it is required that the reasonable value of the services rendered be proved. There is no evidence in the record from which the trier of fact could find the reasonable value of the services. Plaintiff seeks to avoid this deficiency by contending that had the record kept by plaintiff been allowed into the evidence of the case he could have proved the element of reasonable value. From the reporter's transcript it appears that such a record contained monthly entries and the hourly time spent on the particular work. This would not have been evidence of the reasonable value. Since there is a lack of proof of this vital essential, the trial court had no alternative but to grant the motions for nonsuit and enter the judgment of dismissal.

Since this lack of proof is so apparent and decisive, we are not deciding whether there is evidence of the other essentials of plaintiff's causes of action.

Judgment affirmed.

Mussell, Acting P. J., and Griffin, J., concurred.