[Civ. No. 26218.   Second Dist., Div. Two.   Nov. 21, 1962.]

PATEK & COMPANY, Plaintiff and Respondent, v. NORMAN VINEBERG, Defendant and Appellant.

Ball, Yudelson, Brown & Di Guiseppe, Collman E. Yudelson and Lawson M. Brown for Defendant and Appellant.

E. C. Bosbyshell, Jr., for Plaintiff and Respondent.

HERNDON, J.—This appeal is taken by one of two co-defendants from a judgment for plaintiff following a non-jury trial in an action to enforce a written guaranty of an open book account.

The evidence is essentially without conflict. Appellant and his codefendant owned all the stock in a corporation known

as Plaza Cleaners, Inc. On September 29, 1959, this corporation was indebted to respondent for supplies in an amount in excess of $7,100. Respondent, through its Southern California manager, advised appellant that it could no longer carry said corporation on this basis and would continue to do so only if appellant and his coowner would sign a continuing guaranty. Appellant concedes that the business certainly would have had to close its doors forthwith had it been required to pay up this indebtedness before receiving further supplies from respondent. Accordingly, appellant and his coowner signed the guaranty.

This guaranty provided, *inter alia*, ''FOR VALUE RECEIVED, and in consideration of your extending credit for any goods which you may at any time supply to Plaza Cleaners, Incorporated . . . , we hereby guarantee the payment of such sums of money, not exceeding at any one time $7,500.00, *as are now,* or at anytime hereafter may be, owing to you from it for goods so supplied and for which amount this shall be a continuing guarantee. . . . In case the collection of the amount due to you by virtue of the credit you extend to said Plaza Cleaners Inc., in reliance on this letter of credit, *including any credit heretofore extended,* is enforced by suit, we agree to pay all court costs and reasonable attorney's fees. . . .'' (Emphasis added.)

Thereafter, until the corporation declared bankruptcy in May 1960, respondent continued to furnish it with supplies. However, when each new order was taken, respondent sought, and generally obtained, a check in an amount in excess of any such order, so that the large existing balance would be gradually reduced. In this fashion, new supplies in an amount in excess of $9,000 were furnished, but the existing balance was reduced to $4,888.34 at the time the corporation went into bankruptcy.

Appellant's primary assignment of error is that the record shows that he received no consideration for his guaranty. It should first be noted that whether or not sufficient consideration was received by a promisor to support a contract usually is a question of fact. (*D. E. Sanford Co. v. Cory Glass, etc. Co.,* 85 Cal.App.2d 724, 730 [194 P.2d 127]; *Estate of Thomson,* 165 Cal. 290, 296 [131 P. 1045].) The court should consider the matter in the light of the circumstances under which the guaranty was made. (*Drovers National Bank v. Browne,* 88 Cal.App. 716, 720 [264 P. 265].)

The following language from *Mortgage Guarantee*

*Co.* v. *Chotiner,* 8 Cal.2d 110, 112 [64 P.2d 138, 108 A.L.R. 1080], is directly applicable here: "Furthermore, the guarantors were officers and stockholders of the family corporation which executed the note, and, therefore, they derived a benefit from the transaction, of itself a good consideration for the guaranty."

As the result of the arrangement made with respondent, the corporation owned by appellant and his codefendant was able to remain in operation for an additional eight months. The fact that the personal liability of $7,100 which they had assumed on September 29, 1959, was reduced to $4,888.34 in the interim by payments made by the corporation certainly did not result in any failure of consideration or constitute any failure of performance on the part of respondent.

Appellant also assigns as error the admission into evidence of the business records of respondent covering the account of Plaza Cleaners, Inc. As the basis for this assignment, the following statement from *Gough* v. *Security Trust & Savings Bank,* 162 Cal.App.2d 90, 93 [327 P.2d 555], is quoted: "It has been the rule of evidence in this state for many years that the foundation which must be laid for the admission into evidence of business records is: (1) the books or records are books of account; (2) kept in the regular course of business; (3) the business is of a character in which it is proper and customary to keep such books; (4) the entries are either original entries or the first permanent entries of the transaction; (5) made at the time or within a reasonable proximity to the time of the transactions; and (6) the persons making them had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some person employed in the business whose duty it was to make the same in the regular course of business."

Respondent introduced the testimony of its local general manager that he personally took almost all of the orders here involved and that it was the custom of the business to take and supply all orders locally and to receive all payments at the local office. In conformity with established procedure, copies of all invoices and all payments received were sent to the San Francisco office where they were recorded upon a posting machine. Copies of these records were then returned to the local office for verification. The records introduced into evidence were the originals obtained from the San Francisco office for this purpose. This procedure appears to be in

complete conformity with the rule as stated by appellant. The witness had worked in both the Los Angeles and San Francisco offices and was thoroughly familiar with the bookkeeping methods and practices followed in both.

Appellant's final assignment of error is to the effect that the findings of fact are insufficient and ambiguous. This assignment stems from the fact that the codefendants filed separate answers, although their defenses were substantially identical, i.e., general denials and special defenses of fraud, nonperformance, breach of agreement, repudiation of agreement, lack of consideration and failure of consideration.

█▌ The findings of fact were made by reference to the paragraph numbers of respondent's complaint; and each and every allegation contained therein was found to be true. While this method of making findings has been criticized on occasion in situations where it appeared to cause uncertainty, nonetheless where the pleadings referred to have been clear and sufficient, such findings always have been held entirely sufficient. (*Larsen* v. *City & County of San Francisco,* 152 Cal.App.2d 355, 369 [313 P.2d 959] ; *Kaye* v. *Tellsen,* 129 Cal.App.2d 115, 119 [276 P.2d 611] ; *Igauye* v. *Howard,* 114 Cal.App.2d 122, 125 [249 P.2d 558] ; *Tucker* v. *Schumacher,* 90 Cal.App.2d 71, 76 [202 P.2d 327].)

█ Further, as was stated in *Petersen* v. *Murphy,* 59 Cal. App.2d 528, 533 [139 P.2d 49] : ''It has been held in numerous cases that a finding that all of the allegations of a pleading are true or are untrue is sufficient. [Citations.] Also, it is not necessary to make specific findings as to each of several material issues where the findings, taken as a whole, or construed together, clearly show that they include the court's conclusion upon the material issues. [Citation.] *If the findings made necessarily negative the allegations of defendants' answer as to which specific findings are not made, the findings are sufficient.''* (Emphasis added.) █ The findings that all the allegations of respondent's complaint were true obviously constituted findings that the general denials of appellant's answer were untrue.

█ The answer of appellant's codefendant set up the various special defenses above referred to under the heading of ''affirmative defenses.'' The findings of fact referred to each of these defenses specifically and found them to be untrue. Appellant set up the same defenses, although he did not label them as ''affirmative.'' As to these, the general finding that ''Except as otherwise hereinabove specifically

found, all of the allegations of the complaint are true and none of the allegations of the answer is true,'' was sufficient, especially where the express findings had found to be untrue the same defenses of the codefendant whose liability, if any, was identical to appellant's. In this case, the court clearly found upon every material issue of fact tendered by the pleadings.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 18, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 16, 1963.