[Civ. No. 33834. Second Dist., Div. Two. Oct. 29, 1969.]

SIEGFRIED STIEFEL et al., Plaintiffs and Appellants, v. BRUCE McKEE et al., Defendants and Respondents.

## Counsel

Toftness & Dalton and George E. Dalton for Plaintiffs and Appellants.

Cadoo, Tretheway, McGinn & Morgan and Alvin S. Tobias for Defendants and Respondents.

## Opinion

ROTH, P. J.—Respondent Bruce McKee was a licensed salesman for respondent Hugo Becker, a licensed real estate broker doing business as Kent Realty (brokers). Brokers were employed by appellants Stiefel, husband and wife (Stiefels) to assist them in arranging a transaction whereby the Stiefels would dispose of two apartment units owned by them for cash to Mayan Developers (Mayan) said cash to be used in concurrently acquiring a parcel known as Zicaro Property.

Stiefels charge that because of the negligent omission[1] of brokers to

---

[1]The joint pretrial statement recites: "This is an action for damages for negligence . . . as the result of the improper handling, by defendants, as real estate salesman and broker respectively, of a proposed exchange. . . . Plaintiffs contend that the defendants did not use that care required . . . and as a result they suffered actual damages . . . in rescinding the real property transaction."

The trial judge summed up the issues at the end of the case, saying: ". . . I take it that this is a suit in negligence being brought by the plaintiffs. They are claiming that Bruce McKee and other realtors, Hugo Becker, operated as brokers in a manner

make the closing of separate escrows contingent upon the consummation of each, the escrow wherein Mayan purchased the Stiefel property was consummated, but the one whereby Stiefel was to acquire the Zicaro property, aborted.

Subsequently, the Stiefels effected a rescission of the Mayan transaction and brought this action predicated on said negligence against brokers for unreimbursed escrow costs in the sum of $1,800 and loss of rentals suffered by the Stiefels which had been collected on the Stiefel property by Mayan during the period of its possession in the amount of $4,020.

The Stiefels appeal from the judgment in favor of respondents.

█ The findings upon which the judgment is based were submitted by respondents and signed by the court. The findings were adopted by reference for the most part from the allegations of the pleadings, paragraph by paragraph, except for some omissions, and were found to be true or untrue (as seemingly required). This is a practice tolerated as adequate if the pleadings are clear (*Patek & Co.* v. *Vineberg,* 210 Cal.App.2d 20, 24 [26 Cal.Rptr. 293]), but generally recognized as being an unsatisfactory method of setting forth facts necessary to support a judgment when the allegations of complaint and answer are without discernment found promiscuously to be true or untrue. (*Kaye* v. *Tellsen,* 129 Cal.App.2d 115, 119 [276 P.2d 611].)

█ At bench, the findings in some vital respects are contrary to uncontradicted evidence and are so inconsistent and uncertain in material respects that they cannot and do not support the judgment.

It is clear that by referring to the allegations of Paragraph IX of the complaint, to wit, " . . . defendants had so negligently handled the transaction for the plaintiffs . . ." and finding said allegations to be untrue that the trial court absolved brokers of the charge of negligence. However, the same findings refer to allegation IV of the complaint as untrue. Paragraph IV alleges: "As real estate licensees, defendants and each of them were required to exercise in connection with the events hereafter described such skill, care and diligence as is imposed by California Labor Code Sections 2854, 2859, the Real Estate Law as set forth in the Business and Professions Code of the State of California, and such skill, care and diligence as is required as a result of the fiduciary capacity created as hereafter described."

which was negligent; in other words, that they did not behave up to the standard which brokers in this area should behave, and in particular, the particulars of their wrong or negligent actions seem to be, one, in allowing two escrows to be created; two, in not advising the Stiefels of the hazards of two escrows; three, that the escrows were badly drawn, they were not automatically contingent one upon the other; that they should not have been allowed to close, one without the other, and that because also they should have been advised not to sign them, which is the same as saying they were negligent in creating them badly, I expect."

The quoted allegation not only states the law as it applies to the relationship between the Stiefels and the brokers—but the brokers affirmatively testified that they were acting for and looked upon themselves as the agents for the Stiefels.

This admitted agency gives rise to a fiduciary relationship (*Ward* v. *Taggart,* 51 Cal.2d 736 [336 P.2d 534]), and requires the exercise of the skill reasonably to be expected of brokers. (*Wilson* v. *Hisey,* 147 Cal.App. 2d 433, 438 [305 P.2d 686].)

The testimony of McKee who actively handled the transaction for Stiefels is lengthy and subject to many interpretations. In view of the court's finding that the admitted brokers were not fiduciaries, we cannot ascertain what standard of care the court used in deciding that they were not negligent. Whether the brokers made the complete disclosure to Stiefels of all facts known or that should have been known to them pertaining to a complex realty transaction, and whether they used the care of a fiduciary, is the crucial point in the case.

In addition, the evidence showed without contradiction the commencement of an action by the Stiefels for rescission of the Mayan transaction and brokers each testified that Stiefels were willing to consummate an exchange for the Zicaro property through a three-way trade, but the findings hold these admitted facts to be untrue.

The findings are uncertain and unintelligible and as pointed out, they are in some vital particulars contrary to the uncontradicted evidence.

Respondents do not seriously contest the defects pointed out above, but contend that appellants waived their right to object thereto on appeal because of their failure to point out the defects in the findings in the trial court. Respondents cite no authority for this proposition. It is, of course, correct that an appellant can expressly waive a defect, but there is no indication of waiver, either express or implied, in this record. Rather, "[w]here the findings are contradictory on material issues, and the correct determination of such issues is necessary to sustain the judgment, the inconsistency is reversible error." (2 Witkin, Cal. Procedure, (1954) § 120, p. 1852.)

Such a defect is not waived by failure to object at trial. (*Millbrae Assn. for Residential Survival* v. *City of Millbrae,* 262 Cal.App.2d 222, 238 [69 Cal.Rptr. 251]; *Sharove* v. *Middleman,* 146 Cal.App.2d 199, 202 [303 P.2d 900].)

The judgment is reversed.

Fleming, J., and Wright, J., concurred.