85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ralph W. CROSBY; Beverly F. Crosby, Debtors.
Ralph W. CROSBY; Beverly F. Crosby, Appellants,
v.
Douglas REED; Gayle Reed, Appellees.
 No. 95-15277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 7, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Crosbys appeal a decision of the Bankruptcy Appellate Panel affirming an order of the bankruptcy court that overruled their objection to a proof of claim filed by the Reeds as secured creditors. We affirm.
 
 
 4
 When selling collateral, a secured party must act "in good faith and in a commercially reasonable manner." Cal.Com.Code § 9504(3). The Crosbys argue the sale was not conducted in a commercially reasonable manner because the Reeds' published sale notice omitted the covenant not to compete as an asset being sold under the security agreement. We hold the covenant was not part of the collateral and did not require publicity.
 
 
 5
 By the plain language of the security agreement, the goodwill of the business was taken as collateral without the covenant not to compete. The Crosbys claim, and some courts have held, a covenant not to compete is implied whenever the goodwill of a business is transferred and therefore the two are inseparable. California, however, follows the rule that "[w]here a contract of sale of a business has no restriction on the right of the seller to continue or re-engage in the same character of business an agreement not to do so will not be implied from the sale of the good will." Kaye v. Tellsen, 276 P.2d 611, 613 (Cal.Ct.App.1955); Diller v. Schindler, 263 P. 277, 278 (Cal.Ct.App.1928); see also Cal.Bus. & Prof.Code § 16601 ("Any person who sells the goodwill of a business ... may agree with the buyer to refrain from carrying on a similar business....") (emphasis added). Thus, in California, the goodwill of a business may travel without a covenant not to compete. Because the covenant was not taken as collateral in connection with the goodwill, the covenant was not part of the collateral being sold.
 
 
 6
 Moreover, a restraint on competition "shall be no greater than is necessary to protect the purchaser. This rule would limit the restraint to the time during which the purchaser or his assignee is in business, for beyond that time there is nothing to protect." Brown v. Kling, 35 P. 995, 996 (Cal.1894). When the Crosbys filed in bankruptcy court, rejected the sublease under which they occupied the Palomino Room, and were ordered to surrender possession of the restaurant to the Reeds, the Crosbys were no longer in business--they had abandoned their efforts to continue to operate the restaurant. Although the Reeds took up operation of the business as secured creditors in possession, they were not the Crosbys' assignees. The covenant not to compete was to exist only so long as the Crosbys and Eitzens, "or any person deriving title to the Goodwill of the business ... from [the Crosbys and Eitzens], carrie[d] on a like business...." By its terms, the covenant was extinguished when the business failed. Continued enforcement of the covenant would have constituted an unlawful restraint on trade. Cal.Bus. & Prof.Code § 16600.
 
 
 7
 As for the Crosbys' remaining contentions, we affirm for the reasons stated by the Bankruptcy Appellate Panel in its opinion published at 176 B.R. 189 (9th Cir.BAP 1994).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Bankruptcy Appellate Panel did not address the Crosbys' objection to the bankruptcy court's award of $1,000 to the Reeds as reimbursement for the costs of retaking possession. The Crosbys did not object to this reimbursement in the bankruptcy court, and in any event, the reimbursement was proper under California Commercial Code § 9504(1)(a) (proceeds of disposition shall be applied first to the reasonable expenses of retaking, holding, and preparing for sale, including reasonable attorney's fees and legal expenses)