Filed 1/29/15  Poon v.  George Realty The Heights CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JENNIE POON et al., | B255145 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC490187) |
| v. | |
| GEORGE REALTY THE HEIGHTS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Holly E. Kendig, Judge.  Reversed and remanded with directions.

Robert J. Wheeler for Plaintiffs and Appellants.

Manning & Kass, Ellrod, Ramirez, Trester, David Gorney, Candace E. Kallberg for Defendants and Respondents.

_____

Plaintiffs sued defendants, real estate brokers and agents, after plaintiffs purchased a property and fixed it up to resell it, only to discover that they acquired the property at a junior trust deed sale. Plaintiffs lost their entire investment when the senior trust deed was foreclosed.

Plaintiffs alleged that defendants advised them the purchase was suitable for their needs and did not warn them that the property was subject to a senior trust deed. The trial court sustained defendants' demurrer without leave to amend on the bases that plaintiffs' claims were barred by the statute of frauds and plaintiffs failed to allege a breach of duty. We reverse.

## BACKGROUND

**The Original Complaint**

Plaintiffs and appellants Jennie Poon, Jacob Poon, Nancy Fong, Jonathan Poon, Bryson Fong, and Danny Wong filed suit against defendants and respondents George Realty The Heights, Inc. (George Realty), High Ten Partners, Inc. (High Ten), and Mei-Miao Kuo in August 2012. Briefly, the complaint alleged that plaintiffs engaged defendants to advise in finding and purchasing a house to fix up and resell at a profit. Plaintiffs identified a house in Cerritos for potential purchase at a trustee's sale, and defendants advised plaintiffs that the house was suitable for their needs. Only after acquiring the property and remodeling it did plaintiffs learn from defendants that they had purchased the property at a junior trust deed sale, and that the property was still subject to a large senior trust deed. The senior trust deed was subsequently foreclosed, and plaintiffs lost their entire investment. Plaintiffs sued defendants for professional negligence, breach of fiduciary duty, breach of oral contract, and breach of implied-in-fact contract.

High Ten filed a demurrer, arguing that there was no agency relationship between it and plaintiffs, and that plaintiffs failed to allege that High Ten owed them a duty. High Ten further argued that the statute of frauds (Civ. Code, § 1624) barred any oral or implied contract. The trial court sustained the demurrer, finding that plaintiffs failed to allege a duty based on the lack of a written agreement and insufficient allegations of an

2

oral agreement creating an agency relationship. The court also found that the statute of frauds barred plaintiffs' contract claims. Plaintiffs were granted leave to amend to allege that equitable estoppel negated the statute of frauds defense.

**The First Amended Complaint**

The operative first amended complaint alleges that plaintiffs were family members who were inexperienced in real estate. They decided to secure the services of a real estate broker and agent to advise them on suitable properties, to assist in the purchase of a property, and finally to assist in an "owner" sale of the property or to list the property if the owner offering was unsuccessful. Plaintiff Fong requested and defendants agreed to perform these services, with the understanding that (i) plaintiffs would compensate defendants a "reasonable amount" for their assistance in a sale by owner, (ii) defendants would have the opportunity to list and sell the house if the owner offering was unsuccessful, and (iii) Fong would refer potential real estate clients to defendants.

Defendants knew that plaintiffs were inexperienced in real estate dealings, and, over a period of months, defendants advised Fong in locating, identifying, and acquiring a suitable property. Plaintiffs and defendants discussed the strategy of purchasing a property at a first trust deed foreclosure sale, and, on at least one occasion, defendants advised Fong that a particular property was not suitable because it involved the foreclosure of a junior trust deed.

Plaintiffs considered purchasing the Cerritos property by bidding at a trustee's sale, which they thought to be based on a first trust deed. Defendants advised plaintiffs that the property was suitable, even though defendants were aware or should have been aware that plaintiffs were only interested in acquiring properties at first trust deed sales and the Cerritos property involved the sale of a junior trust deed subordinate to a large first trust deed. Defendants also failed to explain the implications of purchasing the property under a junior trust deed.

Plaintiffs acquired the Cerritos property at the junior trust deed sale in September 2010. They then spent a considerable amount of money fixing it up. When plaintiffs asked defendants to research comparable property sales for resell purposes, defendants

3

discovered the senior trust deed and informed plaintiffs. Defendants then essentially stopped communicating with plaintiffs. The senior trust deed was foreclosed, causing plaintiffs to lose all interest in the property and their entire investment of over $150,000.

As did the original complaint, the first amended complaint contained four causes of action: (1) professional negligence, (2) breach of fiduciary duty, (3) breach of oral contract, and (4) breach of implied-in-fact contract. Unlike the original complaint, each cause of action also included the label "and equitable estoppel." Additionally, the first amended complaint contained allegations relating to whether defendants were estopped from asserting the statute of frauds as a defense.

High Ten again filed a demurrer, arguing that plaintiffs failed to adequately allege equitable estoppel. Following the filing of the demurrer, the parties stipulated to the appearance of respondents George Realty and Kuo as defendants and to their joinder in the demurrer filed by High Ten.

The trial court sustained the demurrer to the first amended complaint without leave to amend, finding that plaintiffs' allegations of equitable estoppel were inadequate. Judgment was entered in favor of defendants in January 2014. Plaintiffs timely appealed.

## DISCUSSION

We review a ruling sustaining a demurrer de novo, exercising independent judgment as to whether a complaint states a cause of action as a matter of law. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We give the complaint a reasonable interpretation, assuming that all properly pleaded material facts are true, but not assuming the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) Allegations are "liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.)

A demurrer tests the legal sufficiency of a complaint. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) Accordingly, we are not concerned with the difficulties plaintiffs may have in proving the claims made. (*Desai v. Farmers Ins. Exchange*, *supra*, 47 Cal.App.4th at p. 1115.) We are also unconcerned with the trial court's reasons for sustaining the demurrer, as it is the ruling, not the rationale, that is

4

reviewable. (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631; *Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2.) The ruling will be upheld insofar as any of the grounds stated in the demurrer is dispositive. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153; *Franchise Tax Board v. Firestone Tire & Rubber Co.* (1978) 87 Cal.App.3d 878, 883-884.)

## I. <u>The Statute of Frauds and Equitable Estoppel.</u>

Defendants' demurrer was based, in part, on the ground that plaintiffs' contract claims were barred by the statute of frauds. The statute of frauds requires that a contract be in writing and subscribed by the party charged if the contract involves, in pertinent part, an "agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, . . . or to procure, introduce, or find a purchaser or seller of real estate . . . for compensation or a commission." (Civ. Code, § 1624, subd. (a)(4).)

Defendants assert that the outcome of this case is dictated by *Phillippe v. Shapell Industries* (1987) 43 Cal.3d 1247 (*Phillippe*). In *Phillippe*, our Supreme Court found that a licensed real estate broker could not recover a broker's commission from a real estate buyer (who was also a licensed broker) because the plaintiff's claim was based on a purported oral agreement, and therefore was barred by the statute of frauds. (*Id.* at p. 1252, 1258-1259.) *Phillippe* is applicable to the instant case to the extent it reiterates the rule that an agreement for the purchase of real estate, or for finding a buyer of real estate, be in writing and signed. The agreement alleged by plaintiffs here is clearly subject to the statute of frauds.

*Phillippe*'s primary holding, however—that "a licensed real estate broker cannot invoke equitable estoppel to avoid the statute of frauds unless the broker shows actual fraud" (43 Cal.3d at p. 1252)—is not applicable. Brokers undergo extensive training and education to acquire and maintain their licenses, and therefore are presumed to know the statute of frauds' requirements. (*Id.* at pp. 1260-1261.) In contrast, plaintiffs here were unlicensed and inexperienced in real estate matters. To hold them to the same standard as a licensed broker would not promote the "primary purpose" of Civil Code section 1624,

5

subdivision (a)(4), which is "to protect real estate sellers and purchasers from the assertion of false claims by brokers for commissions." (*Phillippe*, at p. 1257.)

This matter is governed instead by the general application of the statute of frauds, which allows a plaintiff to invoke the exception of equitable estoppel "where necessary to prevent either unconscionable injury or unjust enrichment." (*Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 27.) The issue of whether a plaintiff may assert estoppel to a statute of frauds defense is generally a question of fact. (*Phillippe*, *supra*, 43 Cal.3d 1247, 1272; *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 840.) Construing the allegations liberally, we find that a trier of fact could determine that plaintiffs suffered unconscionable injury due to their reliance on the alleged agreement with defendants. Plaintiffs alleged that they spent a considerable amount of money fixing up the Cerritos property after being told by defendants that it was a suitable purchase for their needs. Plaintiffs then lost their entire investment after the senior trust deed was foreclosed.[1] The demurrer, therefore, should have been overruled as to the third and fourth causes of action.

## II. The Existence of Duty.

With respect to the first cause of action for professional negligence and second for breach of fiduciary duty, defendants argue that they did not owe a duty to plaintiffs. According to defendants, plaintiffs failed to establish an agency relationship. This argument misstates the scope of analysis applicable to a demurrer. "[A] demurrer tests the adequacy of the complaint's allegations, not whether plaintiffs can produce evidence to support those allegations." (*Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 758.) Plaintiffs only needed to allege the existence of a

---

[1]     Defendants argue that we should find that the alleged oral agreement was devoid of specifics, as the court did in *Phillippe*, *supra*, 43 Cal.3d 1247, 1260. *Phillippe*, however, was an appeal following a jury trial, not a sustained demurrer. Plaintiffs' allegations, which contain the required elements of breach of oral contract and and breach of implied-in-fact contract, are sufficient to withstand a demurrer.

relationship with defendants that gave rise to a duty; they were not required to actually establish a duty at this stage of the proceedings.

Again, construing the allegations liberally, we find that plaintiffs' allegations were adequate. A real estate broker is required to exercise reasonable skill and care in the performance of duties for a client (*Wilson v. Hisey* (1957) 147 Cal.App.2d 433, 438), and brokers owe their clients fiduciary duties (*Saffie v. Schmeling* (2014) 224 Cal.App.4th 563, 568). The existence of an agency relationship is generally a question of fact. (*Zimmerman v. Superior Court* (2013) 220 Cal.App.4th 389, 401.) Plaintiffs alleged that defendants agreed to advise them on suitable properties, to assist in the purchase of a property, and to assist in a sale or listing of a property. Plaintiffs further alleged that they were to compensate defendants a "reasonable amount" for their assistance in a sale by owner, or to allow defendants to list the property, entitling defendants to compensation upon its sale. Based on these allegations, a trier of fact could find that defendants agreed with plaintiffs to act as their agents and/or brokers, which would lead to imposition of a duty to give competent advice.

## DISPOSITION

The judgment in favor of defendants is reversed and remanded with directions to the trial court to vacate its order sustaining the demurrer to the first amended complaint.

Plaintiffs are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

7